CAROLINE POLHEMUS, PLAINTIFF, v. HARRY MELIDES, DEFENDANT.

Argued February 15, 1921—Decided April 29, 1921.

Where a man promises to marry a woman, at the same time seduces her, the seduction being effective by means of the promise of marriage and entering into the promise as a component of the wrong, he then refuses to perform his promise and abandons her, the original promise is a fraud for which he can be arrested and held to bail. *Perry* v. *Orr,* 35 *N. J. L.* 295, applied and followed.

---

On motion to discharge from arrest, in action for breach of promise of marriage.

Before Justices SWAYZE, PARKER and BLACK.

For the motion, *George J. Chryssikos.*

*Contra, William A. Kavanagh.*

The opinion of the court was delivered by

BLACK, J. This was a motion to discharge the defendant from arrest, in an action for breach of promise of marriage. The record shows a Supreme Court commissioner made an order to hold the defendant to bail, in an action for a breach of promise of marriage. The order was based on the ground that the defendant fraudulently led the plaintiff, Caroline Polhemus, to believe that he would marry her; that he willfully and fraudulently deceived her by his statements made to her during the time that he kept company with her, then refused to carry out his promise to marry her.

The affidavit presented to the commissioner, on which the order is based, is attacked as insufficient. We think the affidavit fully supports the order made by the commissioner. It shows that, under the promise of marriage, the defendant seduced the plaintiff, the seduction being effective by means of the promise of marriage and it entered into the promise as a component of the wrong. The parties lived together as man and wife, under the name of Mr. and Mrs. Harry Melides, at No. 1136 Garden street, Hoboken, for some time. On November 2d, 1920, the plaintiff gave birth to a baby boy, the father being the defendant. During all this time the defendant continually promised to marry the plaintiff, until he deserted her.

In the case of *Perry* v. *Orr,* 35 *N. J. L.* 295, 301, Mr. Justice Scudder said the affidavits in the case sufficiently disclose the facts of the promise to marry, the seduction effected by means of the same, the attempt to elude the jurisdiction and process of the court, and the refusal to marry. Such conduct is fraudulent.

In this case, all these facts are present, set out in the affidavit, except "the attempt to elude the jurisdiction and process of the court." We think this is not a necessary element

in the proof of fraud; it may be an additional circumstance which may be considered. But without this, the affidavit in this case is sufficient. This is the meritorious question on this motion, in this case. The motion, therefore, is denied.

The order was made under the fourth subdivision of section 57 of the Practice act (*Pamph. L.* 1903, *p.* 551; 3 *Comp. Stat., p.* 4069), viz., that the defendant fraudulently contracted the debt or incurred the demand.

All the mooted questions in this case are fully discussed in *Perry* v. *Orr, supra;* a restatement of them seems therefore unnecessary. There are but few cases in the reports on the subject. They will be found collected in the note to *Mainz* v. *Lederer,* 59 *L. R. A.* 957.

In 4 *Rul. C. L.* 154, § 12, it is stated the courts have generally held seduction to be a sufficient fraud to sustain the right to arrest in breach of promise suits, and as exempting from the operation of constitutional provisions prohibiting arrests, in actions for debt, except where fraud exists. 5 *C. J.* 459, § 113; *Id.* 417, § 96. By holding the affidavit submitted on this motion sufficient to justify the order made by the commissioner, we do not preclude the defendant from an inquiry into the fraud, at the trial, under the case of *Austrian* v. *Laubheim,* 78 *N. J. L.* 178; *affirmed,* 80 *Id.* 459.

The motion to discharge the defendant from arrest is denied. with costs.