# Wytheville.

## FRED B. SETTLE v. H. M. BROWNING, RECEIVER FOR FARMERS AND MINERS BANK OF HONAKER, VA.

### June 26, 1926.

1. APPEAL AND ERROR—*Harmless Error—Where no other Verdict and Judgment were Possible.*—Where no other verdict than the one reached by the jury for plaintiff could properly have been found, and where no other judgment than that rendered by the court could have been rendered, unless the court improperly excluded evidence offered by defendant or improperly admitted evidence offered by the plaintiff, no other assignments of error need be considered.

2. BILLS, NOTES AND CHECKS—*Extension of Time of Payment by Holder—Questions of Law and Fact.*—Where the question at issue is whether an extension of time for payment of a note was granted by the holder, thus releasing parties secondarily liable under section 5682 of the Code of 1919, and there is no dispute as to the fact, a question of law for the court's determination and not for the jury is presented.

3. BILLS, NOTES AND CHECKS—*Extension of Time of Payment by Holder—Release of Sureties—Maker Securing Possession of Note by Fraud—Case at Bar.*—In the instant case, an action against the endorser of a note, the endorser contended that he had been released by holder's agent extending the time of the payment of the note. From the evidence it appeared that the alleged agent had no authority to do anything but collect the note and when he had done so, deliver the note to the maker. The maker of the note secured possession of it from the alleged agent and destroyed it knowing that his check given the agent would not be honored because there were no funds to meet it.
   *Held:* That the endorser was not released.

4. APPEAL AND ERROR—*Point Raised for the First Time on Appeal.*—Where a defense invoked on appeal was not raised on the trial of the case in the court below, and was not included in defendant's grounds of defense, and hence could not have been considered by the trial court, it cannot be considered on appeal.

5. BILLS, NOTES AND CHECKS—*Evidence—Irrelevant Evidence—Case at Bar.*—In the instant case, an action against an endorser on a note, during the progress of the trial after the defendant had admitted that he endorsed the note sued on, he was asked on direct examina-

tion whether he ever endorsed more than one note at the plaintiff's bank.

*Held:* That the question was properly excluded because it was irrelevant as no other notes were being sued on.

6. APPEAL AND ERROR—*Exclusion of Evidence—Expected Answer.*—Where on appeal objection is made to the refusal of the trial court to permit a witness to answer a question, the answer the witness would have given if permitted to answer must appear from the record or the appellate court cannot pass upon the question of relevancy.

Error to a judgment of the Circuit Court of Russell county, in a proceedings by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Joseph E. Duff*, for the plaintiff in error.

*Bird & Lively*, for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

The defendant in error here, plaintiff below and hereinafter referred to as receiver, recovered a judgment against Fred B. Settle, plaintiff in error here, defendant below and hereinafter referred to as defendant, in the Circuit Court of Russell county, on the 27th day of February, 1925, in the sum of $1,500, with interest from March 25, 1924, etc.

In his petition for a writ of error, which was duly granted, defendant assigns a number of errors. They relate to the action of the court in giving certain instructions asked for by the plaintiff, to the action of the court in refusing certain instructions asked for by the defendant; because the court modified certain instructions offered by the defendant and gave them as modified; because the court refused to admit certain

evidence offered by defendant; and because the court refused to set aside the verdict of the jury as contrary to the law and the evidence.

There is no dispute about the facts—that is, there is no conflict in the evidence.

The defendant, with Carrie B. Settle, wife of M. H. Settle, was endorser on a certain negotiable note for $1,500, of which M. H. Settle was maker and which he discounted at the Farmers and Miners Bank of Honaker, Va. The note waived the homestead exemption, the presentment thereof, and demand for payment, protest, protest notice of dishonor and nonpayment. It had been renewed several times, the last renewal bearing date of November 25, 1923, and payable four months after date. Between the presentation of the note for payment and institution of this action, the bank failed and H. M. Browning was appointed receiver therefor. As such he instituted this action.

These facts are set out in the notice of motion for judgment which was filed against the drawer and endorsers. Fred B. Settle is the only defendant complaining here. In addition the plaintiff filed a bill of particulars of his claim, which in addition to the statement set out in the notice of motion alleged "that some time after the date this note matured M. H. Settle came to said Farmers and Miners Bank, at Honaker, Virginia, and advised said bank that he was ready to pay off said note, that he thereupon drew a check on the First National Bank of Honaker, Virginia, and gave this check to said Farmers and Miners Bank of Honaker to pay said note and thereby obtained possession of said note and then and there immediately tore same up and destroyed it; that said check was presented promptly and in due course and was not paid when presented on account of lack of funds to the credit of M. H. Settle

in said First National Bank. Plaintiff will also rely upon the statements and allegations set forth in his said notice of motion for judgment."

The defendant, upon motion of plaintiff, filed his grounds of defense as follows:

"1. That this defendant is not indebted to the said H. M. Browning, receiver, or Farmers and Miners Bank, as alleged in the notice of motion for judgment, in the sum of $1,850,00, nor never has been so indebted.

"2. That this defendant never at any time endorsed a note at said Farmers and Miners Bank for M. H. Settle in the sum of $350.00, as alleged in the notice.

"3. That the $1,500.00 note referred to in plaintiff's notice was paid by M. H. Settle, the maker thereof, and that said Farmers and Miners Bank accepted the check of said M. H. Settle in full satisfaction of said debt.

"4. That the Farmers and Miners Bank accepted said check of M. H. Settle in the sum of $1,500.00 in full satisfaction of said debt, and that the said Farmers and Miners Bank was negligent in presenting said check on the drawee bank for payment, and that said check would have been paid if due diligence had been observed by said Farmers and Miners Bank in presenting same for payment."

[1] The undisputed evidence introduced upon the issues thus joined presents a case where no other verdict than the one reached by the jury could properly have been found, and where no other judgment than that rendered by the court could have been rendered. Hence, unless the court improperly excluded evidence offered by defendant, or improperly admitted evidence offered by the plaintiff, no other assignments of error need be considered.

C. W. Fuller, president of the Farmers and Miners Bank of Honaker at the time the note was made and at the

time it went into the hands of a receiver, testified that the note of M. H. Settle, the principal defendant, in the sum of $1,500.00, and endorsed by Carrie B. Settle and Fred B. Settle, had been renewed several times. That it was last renewed some time in November, 1923, and was due four months after date of the last renewal. That the note was not paid at maturity. That witness talked with M. H. Settle several times after maturity of the note in regard to paying it off, the last conversation taking place the latter part of June, 1924; that on that occasion M. H. Settle promised to come over to the bank on the next day and settle for it and some other notes held by the bank against M. H. Settle. That the following morning, being June 28, 1924, M. H. Settle did not come to the bank, and witness calculated the interest on the $1,500.00 note, and also on another note for $350.00 which M. H. Settle owed the bank, which together, principal and interest, amounted to the sum of $1,888.83; that witness thereupon filled out a check for that amount drawn on First National Bank of Honaker, Virginia, in the sum of $1,888.83, and turned same over to one Luther E. Fuller, together with the two notes, and instructed Luther E. Fuller to take the notes and check to the home of M. H. Settle, have M. H. Settle sign the check and deliver him the notes; that said L. E. Fuller is a nephew of witness; that witness was busy that morning and did not have time to go to see M. H. Settle himself, and got L. E. Fuller to go for him; that he instructed L. E. Fuller if M. H. Settle signed the check, to stop by The First National Bank of Honaker, Virginia, as he returned and present the same to be certified; that he sent L. E. Fuller to M. H. Settle with the check and notes in the forenoon and L. E. Fuller brought the check back signed by M. H. Settle before noon of that day; that the check of M. H. Settle for the amount of the

notes was presented to The First National Bank of Honaker, Virginia, for payment on the afternoon of the same day it was brought to the Farmers and Miners Bank of Honaker, Virginia, by L. E. Fuller; that payment of the M. H. Settle check was refused by The First National Bank of Honaker; that the next day was Sunday; that the check was again presented for payment to The First National Bank of Honaker, Virginia, on the following Monday, June 30, in business hours, when payment was again refused; that the Farmers and Miners Bank of Honaker, Virginia, was closed by the State Bank Examiner on Tuesday, July 1st, but before the bank was closed on that day witness offered to clear with The First National Bank of Honaker for that day if the bank would pay the said check of M. H. Settle for said sum of $1,888.83, but the bank again refused to pay same because there were no funds in the bank, to the credit of M. H. Settle, to meet the check.

Witness identified the Settle check, which was as follows:

"$1,888.83.            Honaker, Va., June 28, 1924.

"Pay to the order of Farmers and Miners Bank, Honaker, Va., exactly Eighteen Hundred Eighty Eight Dollars Eighty Three Cents exactly,

"For value received, and charge the same to account of

To First National Bank        ·"M. H. SETTLE."
    "Honaker, Va."

Which check is endorsed on the back as follows:

"Pay to the order of any bank, banker or trust company all prior endorsements guaranteed, June 28, 1924. Farmers and Miners Bank, Honaker, Virginia.   N. H. Plaster, cashier."

The witness further testified that the $1,500.00 note made by M. H. Settle and endorsed by said F. B. Settle and Carrie B. Settle included in the $1,888.83 check, was on one of the printed forms of negotiable notes used by the Farmers and Miners Bank and contained a waiver of the homestead exemption, and also waiver as to the maker and endorsers, the presentment thereof and demand for its payment and protest and protest notice of dishonor and non-payment thereof, and provided as to the maker and endorsers for the payment of ten per cent attorney's fee for collection if not paid at maturity.

Witness was handed a book, entitled "Note Register," which he identified as the book kept by the Farmers and Miners Bank of Honaker, Virginia, in which notes received by the bank were registered and stated that the $1,500.00 note sued on was registered in said book when taken by the said bank as follows: Date of note, November 25, 1923; when payable, four months after date; amount, $1,500.00; maker M. H. Settle; endorsers, F. B. Settle and Carrie B. Settle.   Said book, in so far as it refers to the note, was put in evidence.

Witness further stated that he remembered the $1,500.00 note sued on distinctly, and that it was made by M. H. Settle and endorsed by F. B. Settle and Carrie B. Settle.

· On his cross-examination the witness stated that Luther E. Fuller is an attorney, and at the time he took the notes and check to M. H. Settle on the 28th of June, 1924, was a member of the law firm of Griffith & Fuller, of Honaker, Virginia, which said firm was composed of A. T. Griffith and Luther E. Fuller and that the firm of Griffith & Fuller was at that time general counsel for the Farmers and Miners Bank of Honaker, Virginia.

On his re-examination, the witness stated that Luther E. Fuller was not an officer of the Farmers and Miners

Bank of Honaker, Virginia, and was sent by him to the home of the said M. H. Settle on the occasion referred to as his private messenger and not as attorney or agent of the said bank; that he was busy that morning and got Luther E. Fuller to go to M. H. Settle's home.

L. E. Fuller fully corroborated the testimony of C. W. Fuller and added the following as to his interview with M. H. Settle: That when witness and M. H. Settle met at the home of M. H. Settle on June 28, 1924, and started ed to transact the business referred to, M. H. Settle at first refused to sign the checks; that finally, however, upon the request of witness to do so, he did sign the check, but while doing so he stated to witness that he "didn't have sufficient funds in the bank to pay the check on that day" which was Saturday, June 28, 1924, but would "have it there by Monday" (meaning Monday, June 30, 1924); that the check for $1,888.83 was given in payment for two notes and interest, one the $1,500.00 note in question here, which was endorsed by Fred B. Settle, and the other a $350.00 note of which M. H. Settle was maker but which was not endorsed by Fred B. Settle. Witness said he was acting, not as attorney or agent of the bank, but as the private messenger of C. W. Fuller.

H. M. Browning, receiver, supported the testimony of the other witnesses as to the receipt of the check and the refusal to pay it by the First National Bank of Honaker. He stated that he had called on M. H. Settle for the note and he, Settle, had told him the notes had been destroyed.

For the defendant, Fred B. Settle testified that he did endorse a note of $1,500 made by M. H. Settle along with Carrie B. Settle, at the bank.

This was all the evidence introduced on behalf of the defendants.

The contention of the defendant is that when L. E.
Fuller accepted the check which M. H. Settle gave him
(stating at the time that he had no funds to meet the
check that day, Saturday, but would have the follow-
ing Monday), and turned over the note to M. H.
Settle, the bank thereby granted to the maker of the
note an extension of time for the payment thereof, and
thus released the endorser.

This contention is based upon section 5682 of the
Code of Virginia, part of the negotiable instruments
law, where it is said:

"A person secondarily liable on the instrument is
discharged—

*    *    *    *    *    *    *    *    *

"6. By any agreement binding upon the holder to
extend the time of payment or to postpone the holder's
right to enforce the instrument, unless made with the
assent of the party secondarily liable or unless the right
of recourse against such party is expressly reserved."

[2, 3] There being no dispute about the circumstances
under which this check was taken and the note deliv-
ered to the maker, under the decision in *Cape Charles
Bank* v. *Farmers Mutual Exchange*, 120 Va. 771, 92
S. E. 918, this is a question of law for the court's deter-
mination and not one for the jury; and under the facts
narrated it is manifest that no extension was ever given
or intended to be given to the maker of the note in
question by L. E. Fuller, even if he were acting as agent
for the bank. The evidence, however, is undisputed
that he was not acting for the bank, but was acting as
the private messenger of C. W. Fuller, and had no
authority to do anything but collect the amount repre-
sented by the notes and when he had done this deliver
the notes to the maker.

It transpired that the check the maker gave L. E.

Fuller was worthless, and the net result of the transaction was that the maker of the note secured possession of it by a legal fraud, and destroyed it, knowing that the check would not be honored because there were no funds to meet it.

[4] In addition to this, the defense here invoked was not raised in the trial of the case in the court below, and was not included in defendant's grounds of defense, and hence could not have been considered by the trial court, nor can it be considered here.

[5, 6] During the progress of the trial, after the defendant, Fred B. Settle, had admitted that he endorsed the $1,500 note sued on, he was asked on direct examination whether he ever endorsed more than one note at the plaintiff bank. The question was excluded and properly excluded, because it was irrelevant, the $1,500 note being the only note sued on. In addition, the answer the witness would have made to the question, if he had been permitted to answer, does not appear from the record, and for this reason also, the exception cannot avail the defendant here.

The defendant sought to prove by the president of the First National Bank of Lebanon that it was the custom of banks, when a note held by a bank was being paid by a check on another bank, to attach the note to the check. The court refused to permit a question to this effect to be answered. Even if the question and answer had been relevant to the issue, the answer the witness would have given, if permitted to answer, does not appear from the record, and hence we cannot pass upon the question of relevancy here.

Upon the whole case, there was clearly no error in the judgment, and it is affirmed.

*Affirmed.*