# Richmond

## GEORGE CARNEGIE, TRADING AS CARNEGIE OFFICE APPLIANCE COMPANY V. ART METAL CONSTRUCTION COMPANY, A CORPORATION.

June 19, 1950.

Record No. 3606.

Present, Gregory, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*Louis Lee Guy*, for the plaintiff in error.

*William H. Sands* and *Edward Paul Smith*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

George Carnegie, trading as Carnegie Office Appliance Company, brought this action in the Circuit Court of the city of Norfolk, by notice of motion to recover a personal judgment against Art Metal Construction Company, a foreign corporation.

The notice was served by the sergeant of the city of Norfolk and the following return made thereon:

"Executed April 25th, 1947, by delivering a copy of the within to A. L. Larrimore, Dist. Mgr. for Art Metal Co., Inc., a Corporation, in the City of Norfolk, wherein he resides and wherein the said Corporation is doing business."

Upon its return day the notice of motion was docketed. The defendant appeared specially and filed a motion to quash and set aside the service of the notice, and a plea in abatement to the jurisdiction of the court.

The motion to quash the return averred that the defendant was a foreign corporation and that it was not then, nor at the time of the service of the notice of motion, doing business in the State of Virginia so as to subject it to the jurisdiction of the court; that A. L. Larrimore, the person upon whom service of the notice of motion was made, was not then, and was not at the time of its service, an agent of the defendant upon whom service could be made; that Larrimore did not reside in the city of Norfolk on April 25, 1947, nor had he ever resided in said city; that defendant had never qualified to do business in Virginia as a foreign corporation, nor maintained an office or place of business therein, and was not then, nor at the time of the service of the notice of motion, present in Virginia; and that it had no statutory agent or employees in Virginia upon whom service of any notice could be made. In its plea of abatement, it set out substantially the same grounds, and alleged that the service of the notice of motion upon Larrimore, the alleged agent, was illegal and void, and the return of the city sergeant untrue in point of fact.

The plaintiff filed a replication to the plea in abatement averring that the defendant was a foreign corporation, chartered and organized to manufacture iron, steel, etc.*; that it had accepted the claims and benefits of the Virginia statutes in favor of such a corporation by doing business in Virginia; and that it had, by implication and in fact,

---

*Virginia Code, 1942, (Michie), section 3844 *et seq.*, Code of 1950, sections 13-211, 13-218.

consented to the jurisdiction of the courts of this Commonwealth. He further averred that process had been duly served upon Larrimore, an officer and employee of the defendant, under the provisions of "Section 6041, Code of Virginia, as amended, and other laws made and provided for such cases." He also moved to strike out and reject the motion to quash on substantially the same grounds.

. On the day of trial, the defendant moved the court to first hear evidence as to the correctness of the recital in the return of the city sergeant that a copy of the notice had been delivered to A. L. Larrimore, "in the City of Norfolk, wherein he resides and wherein the corporation is doing business," and permit the sergeant to amend according to the true facts. Several witnesses were heard and it being shown, without contradiction, that Larrimore did not reside in or have a place of business in the city of Norfolk, at the time of service of the notice, the sergeant was granted permission to amend his return accordingly. Plaintiff then requested that no amendment of the return be made until he had further put in evidence some depositions taken on behalf of the defendant in Jamestown, New York. At the conclusion of the reading of the depositions, the sergeant amended his return to read as follows:

"Executed April 25th, 1947, by delivering a copy of the within to A. L. Larrimore, Dist. Mgr. for Art Metal Construction Co. a foreign corporation without a statutory agent in the Commonwealth of Virginia, in the City of Norfolk."

The sergeant reserved the right, with the court's permission, to further amend by setting out the words, "Wherein the said corporation is doing business, if that was shown to be a fact."

Defendant moved to quash the amended return because it failed to show that a copy of the notice was delivered to Larrimore in a county or city in which he resided, or where his place of business was, or where the principal office of the corporation was located, as required by Vir-

ginia. Code, 1942 (Michie), section 6066, Code of 1950, section 8-65.

Plaintiff argued that, in view of the purposes for which the defendant corporation was chartered and organized, the return was sufficient on. its face to confer jurisdiction by virtue of the provisions of Virginia Code, 1942 (Michie), sections 3844 and 3848. He agreed that unless section 3848 was controlling as to the return the court was without jurisdiction.

The depositions and the testmony taken *ore tenus* set out the following undisputed facts:

Art Metal Construction Company is a Massachusetts corporation, with principal office .in the State of New York. · It has not been domesticated in Virginia, has no resident agent here, and has not designated the Secretary of this Commonwealth as its agent for service of process. It has factories at Jamestown, New York, where the corporation's records are kept. Its officers reside in New York and Massachusetts. It has branch offices in nine large cities in different States, in which States it has qualified to do business; but never has had any branch office in the State of Virginia. It does not own any real or personal property in Virginia. None of its employees reside here. It maintains no warehouse, keeps no bank account, leases no safety deposit box and lists no telephone in its name in this State.

Defendant manufactures metal office furniture and fixtures. In. Virginia, sixteen business firms or persons, under contracts evidencing a vendor-vendee relationship with the defendant, sell and distribute, within a specified territory, products manufactured by. the defendant. These dealers are not in any way financed by the defendant. They purchase the merchandise directly from the defendant by sending their orders to its home office for approval and acceptance. There all questions of credit are passed on. The merchandise is delivered f. o. b. defendant's factory, Jamestown, New York, consigned to the dealers. The dealers pay for it, and it becomes their property. The defendant

has no control over the dealers. It does not ordinarily know who their customers are. The dealers are in business for themselves, are entitled to all profits on their sales, and bear all losses. To assist the dealers, the defendant supplies them with catalogs and advertising matter, which become the property of the dealers. Certain provisions are made for the benefit of the dealers on built-to-order work received directly by defendant from dealers' territory. The defendant enters into no conditional sales contracts in this State.

Plaintiff was formerly a dealer, purchasing and selling defendant's products in a specified territory, under a similar vendor-vendee contract.

A. L. Larrimore is the district manager of a wholesale division of the defendant in certain territory, including Virginia. He resides in New Jersey, and has an office in the city of Philadelphia, Pennsylvania. He is paid a specified salary, and his traveling expenses by the defendant corporation. He holds no corporate office with the defendant, has no power to pledge the credit of the corporation, or bind it with any obligation. He has no power to pass upon any credit extension by the corporation or collect money due it. He does not sell anything directly. He has no authority to make dealer appointments or cancellations. He works with the dealers appointed by the corporation, calling on them two or three times a year at their request, as his schedule permits, for the purpose of assisting them in demonstrating products owned by the dealer, and instructing them on any new developments in the line of his employer's products. In general, he is, within a prescribed territory, a contact man operating between the defendant and its dealers. At the time of the service of the notice upon him, he was present in a convention or showroom in Norfolk, viewing a display of office supplies and fixtures manufactured by various concerns, including the defendant.

Throughout the taking of the depositions, and in the

examination of witnesses heard *ore tenus,* plaintiff repeatedly undertook to elicit evidence that the defendant was doing business in Virginia. Counsel for plaintiff expressed his position as follows: "The main issue involved here is whether or not the Art Metal Company was doing business in the Commonwealth of Virginia. * * * I intend to prove that this corporation, which is within the classification covered by this statute (Code, 1942, sections 3844 *et seq.*), has exercised its franchise within Virginia, although it has not qualified to do business; I intend to show that Mr. Larrimore had a place of business in Norfolk. * * *."

At the conclusion of the evidence and argument of counsel, the trial court expressed the opinion that plaintiff had failed to show that the defendant had a place of business in the city of Norfolk, or was doing business in the State of Virginia or the city of Norfolk at the time of the service of the process. The trial judge told the plaintiff he would be allowed to present additional evidence, provided it was not purely cumulative to that already heard, stating that he had not been convinced that the court had jurisdiction.

Plaintiff was then allowed to present, for the purpose of the record, the additional evidence which he contended showed that defendant had a place of business in Norfolk and was doing business in Virginia. This evidence consisted of a large number of written and printed exhibits, catalogs, price lists, advertising blotters, display matter, business cards, letters and telegrams, and a group of papers variously dated 1937, 1942, and 1943. It was not shown or claimed that Larrimore was connected with any of the transactions mentioned.

That the proffered evidence added nothing to that already before the court is clear. At the time of its presentation, plaintiff conceded he could not show that the defendant was doing business on the day of the service of the process. His counsel further said: "I can't honestly state that I can offer evidence any different in character as to their operations in the City of Norfolk as of the date of the

service of this process from what I have already offered."

On February 3, 1949, the trial court sustained the motion to quash the return of service and entered judgment dismissing the notice of motion. Plaintiff contends that the trial court erred in failing to recognize that the return on its face met the requirements of Virginia Code, 1942 (Michie), section 3848, and thereby conferred jurisdiction upon the court.

In the lower · court two material questions were presented and both fully developed. One was whether the evidence was sufficient to show that the defendant was, in fact, doing business within the State. The other was whether the return of the sergeant was valid without a recital that the defendant was doing business within this State. Both questions were vital to the jurisdiction of the court. A foreign corporation, under circumstances similar to those here, must be engaged in business within the State in order to validate service upon it. Section 3848 provides for service only if it is so engaged.

If the defendant was not doing business in this State at the time of the service of the writ, and the trial court so found, jurisdiction to hear and determine the merits of the case was lacking, regardless of the recital in the return of the sergeant. Irrespective of the Code section under which the process was served, there was no way to maintain jurisdiction without proof of the fact that the defendant was doing business in this State.

In view of our conclusion that the evidence amply supports the findings of the trial court that the defendant was not doing business in this State within the purview of our statutes, it is unnecessary to discuss the question whether the amended return was sufficient on its face, for without proof of the fact that the defendant was so doing business at the time of the service of the process, the plaintiff could not maintain this action, irrespective of the Code section under which the process was served.

Plaintiff, in his brief, concedes that he can find no judicial

precedent consonant with, or contrary to, his contention, that the last sentence of the first paragraph of Code 1942, section 3848, authorized the service of process on behalf of a resident of the State as well as on behalf of the Commonwealth in an action such as this.

The intent of the above sentence in section 3848, in effect when this action was brought, is not made clear by the language employed. However, its language has since been clarified in section 13-218, Code of 1950, formerly Code, 1942 (Michie), section 3848, by the elimination of the word "and" immediately before the phrase, "as to any claim hereunder on behalf of the Commonwealth." The right of the Commonwealth to obtain service of legal process is now set out in a separate and distinct sentence. There is no provision in the new section for service of process on behalf of residents of this State. Since the question here raised is not likely to hereafter arise, it is not now necessary for us to undertake to interpret the former section.

Had plaintiff proceeded under section 3846a Cumulative Supplement to the Virginia Code, 1942 (Michie), Acts 1944, page 576, now Code of 1950, section 13-217, it would have been necessary for him to have shown that the defendant corporation was doing business in Virginia.

In *Tignor* v. *Balfour & Co.*, 167 Va. 58, 60, 187 S. E. 468, we approved the rule stated in *People's Tobacco Co.* v. *American Tobacco Co.*, 246 U. S. 79, 87, 38 S. Ct. 233, 235, 62 L. ed. 587, Ann. Cas. 1918C, 537, as follows:

"The general rule deducible from all our decisions is that the business (done within the State in which process is served) must be of such nature and character as to warrant an inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the State or district where service is attempted."

In that case the authorities were carefully reviewed by Mr. Justice Hudgins, now Chief Justice, and on a state of

facts, weaker than those here, it was held that the foreign corporation, there the defendant, was not doing business in Virginia in the sense that it was amenable to process.

It has been held in this type of case that an agent when served with process must be in the State for some other or additional purpose than mere solicitation of business. *Green v. Chicago, etc., Ry. Co.*, 205 U. S. 530, 27 S. Ct. 595, 51 L. ed. 916.

See also, *W. S. Tyler Co.* v. *Ludlow-Saylor Wire Co.*, 236 U. S. 723, 35 S. Ct. 458, 59 L. ed. 808; *Davega, Inc.* v. *Lincoln Furniture Mfg. Co.*, 29 F. (2d) 164; *Leading Perfumers & Chemists, Inc.* v. *Nussbaum Novelty Co.*, 31 F. Supp. 847; *Apgar* v. *Altonna Glass Co.*, 92 N. J. Eq. 352, 113 A. 593; Fletcher, Cycl. Private Corporations, Vol. 18, section 8728, p. 405; and note to *Pinney* v. *Providence Loan, etc., Co.*, 106 Wis. 396, 82 N. W. 308, 50 L. R. A. 577, 591.

In *Philadelphia, etc., Ry. Co.* v. *McKibbin*, 243 U. S. 264, 37 S. Ct. 280, 61 L. ed. 710, Mr. Justice Brandeis said:

"A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there, and even if it is doing business within the state, the process will be valid only if served upon some authorized agent."

In discussing the time of doing business as a factor, the following statement appears in 23 Am. Jur., Foreign Corporations, p. 482:

"In a determination of the question whether a foreign corporation is subject to the jurisdiction of a local court in a suit against it, the requirement that it be doing business in the state is satisfied if it is doing business at the time the process is served upon it, and a doing of business at that time may be inferred from a course of conduct pursued before and after."

The same authority, continuing on page 484, further says:

"There is, however, substantial authority for the view that in order to conform with inherent and constitutional limitations, and on the principle that jurisdiction must exist as of the time the summons is served, it is essential to the exercise of jurisdiction, otherwise than by consent, over a foreign corporation by the courts of the forum that such corporation be doing business in the state at the time service is made. In this view, jurisdiction begins, continues, and ceases with the doing of business in the state, and the corporation cannot be subjected thereto in the absence of consent, after it has ceased to do business in the state and has withdrawn therefrom. Thus, it has been broadly stated by the United States Supreme Court that in order to hold a foreign corporation not qualified to do business in a state, responsible under the process of a local court, the record must disclose that it was carrying on business there at the time of the attempted service."

It is difficult to lay down any all-embracing rule as to what is "doing business." The question is one of fact and must be determined largely according to the facts of each individual case. In general, it may be said that to render a foreign corporation subject to the jurisdiction of a State, the business done or transactions conducted by the officers and agents of the corporation within the State must be of such a character and extent as to warrant the inference that the corporation has subjected itself to the laws of the State. 20 C. J. S., Corporations, section 1920, *et seq.* We agree with the trial judge that the record before us negatives any such inference.

The effect of the judgment of the trial court was to dismiss the notice of motion for want of jurisdiction. For the reasons stated, its conclusion to that effect is amply supported by the evidence and the law. Its judgment is accordingly affirmed.

*Affirmed.*