# Richmond

## MILLS R. EURE v. MORGAN JONES & COMPANY.

January 25, 1954.

Record No. 4148.

Present, All the Justices.

The opinion states the case.

*Bangel, Bangel & Bangel,* for the plaintiff in error.

*Tom E. Gilman* and *James G. Martin & Sons,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

Mills R. Eure instituted this proceeding on April 4, 1952, in the Circuit Court of the City of Norfolk, Virginia, by motion to recover a personal judgment against Morgan Jones & Company, for breach of contract. The motion alleged that the defendant is a foreign corporation, with its principal office in Elgin, Illinois; that it "is doing business in the State of Virginia;" that "the Secretary of the Commonwealth of Virginia is the statutory agent for said corporation for the service of process;" that, by contract entered into in Norfolk, Virginia, defendant employed plaintiff to solicit applications for insurance at an agreed rate of compensation; and that it had, since December, 1950, refused to pay plaintiff a large sum of money due for services rendered under said contract.

The notice was served by the sergeant of the City of Richmond, and the following return made thereon: "Executed on the 11th day of April, 1952, in the City of Richmond, Virginia, by delivering a true copy of the above-mentioned papers, attached to each other, to Carter O. Lowance, Acting Secretary of the Commonwealth, for Morgan Jones & Company, in person."

The defendant appeared specially and filed a motion to "quash the process return and proof of service," on the grounds that (1) defendant is a foreign corporation, and has not been domesticated in Virginia; (2) that defendant has

not appointed the Secretary of the Commonwealth of Virginia as its statutory agent, and that it had no agent in the State of Virginia upon whom service could be legally had; and that (3) defendant is not now doing business in Virginia, and was not doing business in the State when the supposed service was made; and that, therefore, "there was no jurisdiction for such service which is null and void."

Plaintiff moved to strike the motion to quash on the ground that it was a plea in abatement and was not sworn to as required by Rule 3:14 and Code, § 8-98. The Court reserved decision on the motion filed. It then, taking the view that defendant was not amenable to process unless it was shown to be doing business in this State at the time of service of the process, ruled that the burden was on plaintiff to establish jurisdiction. Plaintiff excepted to the ruling, and the court proceeded to hear evidence relating to the issue of jurisdiction.

The brief of the plaintiff does not contain a statement of the facts proved at this hearing, as required by Rule of Court 5:12, § 1 (c). For this violation of the Rule defendant asks us to dismiss the writ. Again, we remind counsel that failure to comply with the Rule might well justify a dismissal of the writ. *Hall* v. *Hall*, 181 Va. 67, 70, 23 S. E. (2d) 810. Under the circumstances, we must ascertain for ourselves the facts disclosed by the record.

The plaintiff presented two witnesses, who testified that each of them had been sold a policy of insurance in the United Insurance Company of Chicago, Illinois, by the plaintiff three or four years before. One said that she had paid the premiums on her policy from the time of its purchase by sending the payments by mail to Morgan Jones & Company, Elgin, Illinois, the agent and manager of the insurance company. The other said that she had formerly sent her premiums to Morgan Jones & Company, at Norfolk, Virginia; but for the last several years had been sending them direct to Elgin, Illinois.

D. L. Maniere, a witness introduced by the defendant, testified that he had formerly been district manager for Mor-

gan Jones & Company, when it had an office in the City of Norfolk; that he resigned his position with that company in May, 1950; and that the defendant kept its office in Norfolk open under a new manager until about February or March, 1951, when it ceased doing business in Virginia, so far as he knew.

At the conclusion of the evidence, the trial court denied plaintiff's motion to strike the motion to quash the return, sustained the defendant's motion to quash, and dismissed the case. The plaintiff excepted and obtained this writ of error.

Plaintiff's motion to strike was properly refused. The motion to quash process is not a plea in abatement, as plaintiff contends, but simply an informal method to raise a question, which ordinarily could be raised by a plea in abatement. It is authorized by § 8-118, Code of Virginia, 1950, and Rule of Court 3:6, and has been approved in practice. *Commonwealth* v. *Hall*, 194 Va. 914, 919, 76 S. E. (2d) 208; *Hilton and Allen* v. *Consumers' Can Co.*, 103 Va. 255, 48 S. E. 899; Lile's Equity Pleading and Practice, pages 10 and 11 (3rd Ed. Meade, 1952.)

"If the objection is that the process is a void process, it may be raised not only by a plea in abatement, but also by a mere motion, or the objection may be taken by the court *sua sponte.* * * * In other words if the process be illegally issued or executed the objection may be as well by motion to quash as by plea in abatement." Burks Pleading and Practice, 4th Ed., § 206, page 337.

The merits of plaintiff's claim are not presented for review. There are a number of grounds of error assigned to the action of the trial court in dismissing the case; but the controlling question for our determination is whether the defendant, a foreign corporation, has been brought into court by a valid service of process. If it has, the lower court had jurisdiction, and should have proceeded to determine the case on its merits.

The verity of the return of the officer making the service was not questioned. The return was not defective or invalid on its face. It could have been amended, upon proper objection, to show the actual facts, if necessary. While it might have been in better form, it was substantially in compliance with § 8-60, Code of Virginia, 1950, which provides, in part, that: "process against, or notice to, a foreign corporation shall be served on the Secretary of the Commonwealth under the provisions of § 13-215 or § 13-217 if the Secretary of the Commonwealth shall have been appointed or constituted the agent of the corporation for service of process under § 13-214 or § 13-217."

The process was attacked as being illegal and void, because defendant was not shown to be doing business in Virginia at the time of the service upon the Secretary of the Commonwealth, and was not subject to such substituted service.

The evidence supports the allegations of defendant's motion to quash the process. Had those allegations negatived all grounds of jurisdiction, the action of the court in dismissing the case would have been correct. But neither the evidence nor the allegations negative jurisdiction under the provisions of Code, § 13-217.

In his brief and argument in this court, plaintiff for the first time, contends that the court erred in its conclusion because the evidence showed that defendant had done business in Virginia prior to the service of process, and that having failed to "appoint" the Secretary of the Commonwealth its agent in compliance with §§ 13-211 and 13-214, that officer was thereby constituted its agent for the service of process under the provisions of § 13-217, in a proceeding against it growing out of such business.

It is true that it is generally held that "new matter, points or defenses not made or relied on in the trial court, cannot be raised for the first time in the appellate court," Burks Pleading and Practice, 4th Ed., Boyd, § 433, page 854, and cases cited. *Nicholas* v. *Commonwealth*, 186 Va. 315, 324, 42 S. E. (2d)

306. We can consider a case only on the record as made in the trial court, and cannot review questions which have not been decided by the lower court. Burks Pleading and Practice, 4th Ed., Boyd, § 433, page 854. *Settle* v. *Browning*, 145 Va. 307, 316, 133 S. E. 769; *Odessky* v. *Monterey Wine Co.*, 188 Va. 184, 49 S. E. (2d) 330.

Want of jurisdiction may be raised anywhere, or in any way, and at any time, and by a court of its own motion. Vol. 6 Michie's Digest of Va. and W. Va. Reports, Jurisdiction, § 91, and Vol. 4 Permanent Supplement; Vol. 1 Michie's Digest of Va. and W. Va. Reports, Appeal and Error, § 145; 11 M. J., Jurisdiction, § 37, page 456.

Here, however, the question of jurisdiction was raised in the trial court, and the question embraced every ground of jurisdiction provided in the statutes. The success of the defendant in negativing certain grounds did not deprive the plaintiff of his right to rely on any other sufficient ground. The motion to quash the return challenged the jurisdiction of the court only on the three grounds specified therein. These were the only grounds plaintiff was required to meet. The record clearly shows that the only contested issue was whether the defendant was doing business in Virginia at the time of the service of the process in this case upon the Secretary of the Commonwealth. This was all that the trial court was called upon to determine, and its ruling dismissing the action was based solely on its determination of that issue, and should have been limited to that issue.

The trial court could properly of its own motion have raised the issue whether jurisdiction existed on a ground not raised by the motion to quash, but now raised by plaintiff. Though this issue was not raised or considered below, we think it proper, under the circumstances of this case, that it be considered here to enable this court to attain the ends of justice. Rule 1:8.

Proceeding then to a consideration of the merits of issue which plaintiff now raises, it is quite clear that the purpose of sections 13-211, 13-214 and 13-217, requiring that

every foreign corporation shall, before it commences doing business in Virginia, appoint or constitute the Secretary of the Commonwealth as its agent upon whom process may be served, is to subject such corporations to the jurisdiction of the local court in controversies growing out of transactions within this State.

Section 13-217, so far as pertinent, reads as follows:

"1.   If any corporation, company or society required under the provisions of §§ 13-211 or 13-214 of this Code to appoint the Secretary of the Commonwealth as its agent as above provided shall do business in this State without having so appointed the Secretary of the Commonwealth its agent, it shall by doing such business in the State of Virginia be deemed to have thereby appointed the Secretary of the Commonwealth its true and lawful attorney for the purposes hereinafter set forth.

"2.   When the Secretary of the Commonwealth has been constituted attorney for any such corporation, company or society by its failure to comply with the provisions of §§ 13-211 or 13-214 before doing business in this State, any lawful process against or notice to such corporation, company or society in any action or proceeding against it growing out of such business may be served on the Secretary of the Commonwealth, and doing such business in Virginia shall be a signification of its agreement that any such process or notice so served shall be of the same legal force and validity as if served upon it in the State of Virginia."

In *Connecticut Mutual Life Ins. Co.* v. *Duerson*, (1877) 28 Gratt. (69 Va.) 630, this court held that although a foreign insurance company had, after the War between the States, expressly revoked the powers of the resident agent it had before the war, and had never appointed another in his place, but had continued to do business here afterwards in compliance with all of our statutes, it must be considered as having accepted the provisions of such statutes, and consequently service on its former agent was effectual to give jurisdiction

of an action against such company arising out of business conducted by it in Virginia.

In *DuPont Co.* v. *Harvey Co.*, 156 Va. 582, 158 S. E. 891, we said that where our statutes prescribe that a foreign corporation shall designate an official of the State as its agent on whom process may be served in any action against it, as a condition precedent to the doing of business in the State, the later withdrawal of the corporation from the State does not revoke the authority of the agent to receive service in an action on a liability arising in the State out of business done by the corporation therein.

In *Express Co.* v. *Fleishman, Morris & Co.*, 149 Va. 200, 141 S. E. 253, error dismissed *Express Co.* v. *Fleischmann, Morriss & Co.*, 49 S. Ct. 94, 278 U. S. 574, 73 L. Ed. 514, and certiorari denied 49 S. Ct. 177, 278 U. S. 652, 73 L. Ed. 562, and followed in *Express Co.* v. *Elliott*, 149 Va. 218, 141 S. E. 259, *Express Co.* v. *Newcomb*, 149 Va. 219, 141 S. E. 259, and *Express Co.* v. *Hardware Co.*, 149 Va. 220, 141 S. E. 259, where the facts and legal questions were identical, we said that it is inconceivable that a foreign corporation doing business in Virginia could, by its failure to comply with the requirements of the statutes to appoint the Secretary of the Commonwealth as its statutory agent, evade the process of the courts of Virginia  We held that, "a foreign corporation which has done business in Virginia, is doing business in Virginia as long as it has contracts in Virginia unperformed, and the appointment of its statutory agent was not revocable even though it has withdrawn from active business in this State if it still had contracts outstanding." (149 Va. page 211.)

In an Annotation 45 A. L. R., pages 1447 *et seq.*, entitled "Cessation by foreign corporation of business within state as affecting designation of agent for service of process," the author says the great weight of authority holds that where a statute requires as a condition precedent to the doing of business in the state by a foreign corporation it shall designate an agent in the state on whom process may be served in actions against it, and in the event of its failure to designate such

agent, an officer of the state shall be constituted its agent for such purposes, the withdrawal of the corporation from the state, or its cessation of business therein, does not revoke the authority of the appointed or constituted agent to receive service in an action or proceeding arising out of business done by the foreign corporation in the state. The application of the rule is not affected whether the statutory agent be designated or constituted as such agent. In support cases from twenty-two states are cited, including the following: *Frazier* v. *Steel and Tube Co.*, 101 W. Va. 327, 132 S. E. 723; *Harrison* v. *Corley*, 226 N. C. 184, 37 S. E. (2d) 489; *Connecticut Mutual Life Ins. Co.* v. *Duerson, supra.* See also Annotation 113 A. L. R. pages 163 *et seq.*

In 23 Am. Jur., Foreign Corporations, § 500, at page 514, this is said:

"Although there is some authority to the contrary, the prevailing rule is that a foreign corporation which has qualified to do business in the state and for which an agent to receive process in suits against it has been designated cannot, by ceasing to do business in the state and withdrawing therefrom, escape from the jurisdiction of the courts of such state as to suits brought by residents of the state on causes of action arising while the corporation was doing business in the state. * * * The application of this rule is not affected by the form of the statute as requiring the designation of a private person or of a state official, or as providing that the service may be made on a public official without any stipulation or designation by the corporation."

In 20 C. J. S., Corporations, § 1920 f, page 170, we find the rule stated as follows:

"While a foreign corporation must be present at least by an agent in order to be sued therein, except in a few jurisdictions it may be sued on causes of action arising in the state where it has consented expressly or impliedly that service may be had on its statutory agent on liabilities incurred while it was doing business in the state."

Defendant contends that this case is governed by what we said in *Carnegie* v. *Art Metal Construction Co.*, 191 Va. 136, 60 S. E. (2d) 17. That case may be readily distinguished from this case, both on the facts' and the procedure followed in serving process. There the notice was served on a supposed agent of the defendant, a foreign corporation, and the return recited that the agent resided in the City of Norfolk, wherein the defendant was doing business. The evidence showed that the agent did not reside in, or have a place of business in the City of Norfolk, and that the defendant was not doing business in that city at the time of the service of the notice, and had never done business in Virginia. The main issue involved was whether the foreign corporation was doing business in Virginia at the time of the service of process. (191 Va. at page 144). We there said in answer to that issue that "A foreign corporation, *under circumstances similar to those here*, must be engaged in business within the State in order to validate service upon it." (Italics added.)

Our conclusion in that case was confined, and intended to be confined, to the sole issue whether the defendant was doing business in Virginia at the time of the service of the notice. We were not called on to pass upon the question whether the proceeding grew out of business conducted at some previous time by the defendant within this State. Each opinion should be considered in relation to the facts and particular issues involved.

*Consolidated Textile Corp.* v. *Gregory*, 289 U. S. 85, 89, 77 L. ed. 1047, 53 Ct. 529, is also cited in support of defendant's contention. There, upon a state of facts somewhat similar to those in the *Carnegie* case, it was said that "In order to hold a foreign corporation not licensed to do business in a state responsible under process of a local court, the record must disclose that it was carrying on business there at the time of attempted service." There is nothing in the opinion to show that the court there had under consideration the specific question raised in the case before us.

In the later case of *International Shoe Co.* v. *State of Washington*, 326 U. S. 310, 319, 66 S. Ct. 154, 160, 90 L. ed. 95, this is said:

"But to the extent that a corporation exercises the privilege of conducting activities within a state it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as these obligations arise out of or are connected with the activities within the state, a procedure which requires a corporation to respond to a suit brought to enforce them can in most instances hardly be said to be undue." (Cases cited.)

When a foreign corporation engages in the privilege of doing business in Virginia, it enjoys the benefits and protection of the laws of this Commonwealth. It thereby subjects itself to the jurisdiction of the courts of this State for the purpose of litigating liabilities created during its stay here. Code, § 13-217.

The provision of § 13-217 for the service of process is a condition upon which it is allowed to do business, accepted by it when it enters the State and engages in business without domesticating or appointing a statutory agent. It should not thereafter, by the simple expedient of closing its office and leaving this jurisdiction, be allowed to withdraw that assent so as to defeat an action which grew out of business done here. *Harrison* v. *Corley, supra; Frazier* v. *Steel and Tube Co., supra*, and cases cited.

It is well settled that to constitute a sufficient motion or plea in abatement to jurisdiction, every ground of jurisdiction enumerated in the statutes must be negatived in the motion or plea. A pleading which fails to negative such grounds is bad for insufficiency. *Deatrick* v. *State Life Ins. Co.*, 107 Va. 602, 610, 59 S. E. 489; *S. A. L. Ry. Co.* v. *Bowden & Co.*, 144 Va. 154, 161, 131 S. E. 245; *Morgan* v. *Pennsylvania R. Co.*, 148 Va. 272, 276, 138 S. E. 566; Vol. 1 Michie's Digest of Va. and W. Va. Reports, Abatement, Revival and Survival, § 70; and Vol. 1 Permanent Supplement.

Since the ground of jurisdiction set out in Code, § 13-217 was not negatived in the motion to quash the return, and was not considered by the lower court, we are of opinion to reverse the judgment of the trial court, reinstate the proceeding, and remand it to the lower court for further consideration in accordance with the views herein expressed.

*Reversed and remanded.*