## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Helen L. Jackson

    v.

Sarah Louise Etkin and
Patricia Ann Johnson

July 16, 1971

By JUDGE A. CHRISTIAN COMPTON

[T]he order entered today overrul[es] the motion to quash process as to the defendant Johnson filed by The Travelers Insurance Company. The motion to quash tendered by the defendant Johnson is not properly before the court since it has not been filed by order of court, it having been tendered more than 21 days after the purported service of process. Rules 3:5 and 3:13. This question of late filing becomes moot, however, since the decision as to Travelers' motion would, of course, be the same as to Johnson's motion.

The motion to quash raises the question of whether the process directed to the defendant Johnson and served upon the Commissioner of Motor Vehicles under Code §§ 8-67.1 and 8-67.2 is valid. Contrary to the plaintiff's contention, such question need not be raised by a plea in abatement but such objection may properly be made by a motion to quash process. *Eure* v. *Morgan Jones & Co.*, 195 Va. 678, 681 (1954).

It is contended that the plaintiff has failed to comply with the provisions of the aforementioned Code

sections and, further, that the requirements thereof are unconstitutional because in violation of the due process clauses of the State and Federal Constitutions.

Code Section 8-67.1 provides for substituted service of process upon the Commissioner of Motor Vehicles upon a nonresident who operates a motor vehicle upon the highways of this State. The term "nonresident" therein includes any person who, though resident when the accident occurred, "has been continuously outside the State for at least sixty days next preceding the day on which notice or process is left with the Commissioner, and includes any person against whom an order of publication may be issued under the provisions of § 8-71."

Section 8-67.2 deals with the manner in which service of process under the Commissioner is made and provides, in part, as follows:

The mailing required by this section *shall be to the last known post-office address of the defendant* or defendants but if there is left with the Commissioner, along with the notice of process an affidavit of the plaintiff that he does not know and is unable to ascertain any post-office address of the defendant or defendants, service of the notice or process shall be valid without the mailing otherwise required by this section.

In the case of a defendant licensed by this State to operate a motor vehicle, the last address reported by such defendant to the Division of Motor Vehicles as his address on an application for or renewal of an operator's or chauffeur's license shall be deemed to be the address of the defendant for the purpose of the mailing required by this section, if no other address is known, and, in any case in which the affidavit provided for in § 8-71 or this section is filed, such a defendant, by so notifying the Division of such an address, and by failing to notify the Division of any change therein, shall be deemed to have appointed the Commissioner of Motor Vehicles his agent for service of process in an action arising out of operation of a

motor vehicle by him in this State, and to have accepted as valid service such mailing to such address.

*In the case of a defendant not licensed by this State to operate a motor vehicle,* the address shown on the copy of the report of accident required by § 46.1-400 filed by or for him with the Division, and on file at the office of the Division, or *the address reported by such a defendant to any State or local police officer, sheriff, or deputy sheriff investigating the accident sued on, if no other address is known, shall be conclusively presumed to be a valid address* of such defendant for the purpose of the mailing provided for in this section, and his so reporting of an incorrect address, or his moving from the address so reported without making provision for forwarding to him of mail directed thereto, shall be deemed to be a waiver of notice and a consent to and acceptance of service of process served upon the Commissioner of Motor Vehicles as provided in this section. (Emphasis added)

This action arises out of a collision occurring in the City of Richmond, Virginia. Counsel for the plaintiff in an affidavit filed with the motion for judgment asserts, *inter alia,* that the defendant Johnson reported to the investigating officer that she was licensed by the State of North Carolina to operate a motor vehicle; that the investigating police officer informed the plaintiff's investigator that the husband of the defendant Johnson reported to the officer that the address of his wife on the date of the accident was 302 Village Drive, # 3, Richmond, Virginia; that such fact was confirmed by the investigator upon a visit to that address, which is also known as 302 Jefferson Village Drive, Apt. 3, Richmond, Virginia; that about two and one-half months after the accident, the said defendant left instructions with the U. S. Post Office Department to forward her mail from the above address to her at 7617 Midlothian Pike, Lot 24, Richmond, Virginia 23235, at which address the said defendant lived from about November 4, 1970, to about

December 7, 1970, when she left said address; and that on or about January 4, 1971, the said defendant advised those with whom she lived at the Midlothian Pike address "that she was moving from and leaving the State of Virginia at that time which has been for a period of more than sixty (60) days. . . ."

The parties agree that no report of accident required by Code § 46.1-400 has been filed by or for the said defendant with the Division.

In the affidavit, the Commissioner was requested to make his mailing to the said defendant at the above addresses. In the file, the Commissioner's Affidavit of Compliance shows that the mailing was made to the Midlothian Pike address. The parties agree that the registered letter was returned by the Post Office as unclaimed and is now in the Commissioner's file.

The constitutional question will be disposed of first. In its present form, § 8-67.2 contains reasonable provisions for probable communication to the said defendant of notice of this action under the facts of this case, where the plaintiff has sought to serve a known defendant as a "non-resident," as defined in the last paragraph of § 8-67.1, with a mailing having been made by the Commissioner pursuant to § 8-67.2. *Carroll* v. *Hutchinson*, 172 Va. 43 (1939).

This is not a case wherein mailing has been dispensed with pursuant to the second paragraph of § 8-67.2. Some trial courts have held that provision invalid in such a case, as you know. *See also North River Insurance Company* v. *Davis*, 237 F. Supp. 187, 190 (W.D. Va. 1965).

Next, it is contended that the plaintiff has failed to comply with the provisions of the statutes in question. She urges that "substantial compliance" is all that is necessary and that this has been done.

This statute is in derogation of the common law and must be strictly construed and strictly complied with. Such statutes "should not be enlarged in their operation by construction beyond their express terms." 17 M.J. *Statutes*, Section 70, pp. 331-332.

The plaintiff, pursuant to the fourth paragraph of § 8-67.2, asserts that since the defendant's address was furnished to the police officer by the defendant's husband, then such address shall be conclusively presumed

to be a valid address for such defendant for the purpose of mailing under this statute since this is tantamount to the address being "reported by such a defendant." This position of the plaintiff is not well taken. Aside from the fact that the Commissioner did not (according to the court file) make his mailing to that address but only to the Midlothian Pike address, nevertheless reporting of the address by the defendant's husband is not a reporting by "such a defendant" within the required strict construction of this statute. Had the legislature meant to allow such reporting by the defendant's spouse or by a member of the defendant's immediate family, it would have so provided.

The process is valid, however, because the plaintiff has sufficiently alleged in the affidavit in paragraph 4(f) that the said defendant is "not a resident of this State." Code § 8-71. She asserts that the said defendant advised the residents at her former address on Midlothian Pike on or before January 4, 1971, "that she was moving from and leaving the State of Virginia." These facts support the conclusion that the defendant has taken up residence in another state. Under § 8-71, an order of publication may be entered under such circumstances. The last known post office address of the defendant has been furnished pursuant to the last paragraph of § 8-71 and this is the address to which the Commissioner made his mailing.

In order to make the basis of the court's decision perfectly clear, it should be pointed out that the plaintiff has failed to meet the requirements of the first portion of the last paragraph of § 8-67.1 in that she has failed to state facts in her affidavit to show that the said defendant "has been continuously outside the State for at least sixty days next preceding the day on which notice or process is left with the Commissioner. . ." A statement that "the said defendant. . . advised them on or about January 4, 1971, that she was moving from and leaving the State of Virginia at that time which has been for a period of more than sixty (60) days. . ." is not a statement that the defendant has been "*continuously* outside the State for at least sixty days." The decision herein is based on the last phrase of the last paragraph of Section 8-67.1, since under § 8-71 the said defendant

being a non-resident is a person against whom an order of publication may be issued.

For the above reason, the process herein as to the defendant Johnson is valid.