### KOHLOFF et al. v. FORD MOTOR CO.

District Court, S. D. New York.
April 20, 1939.

804

Murray M. Cowen, of New York City, for plaintiffs.

Drury W. Cooper, of New York City, for defendant.

HULBERT, District Judge.

This is an action for the alleged infringement of two U. S. Letters Patent and seeks the recovery of $6,000,000 (including treble damages).

The complaint was filed in the Office of the Clerk of this Court on March 1, 1939, and on the same day a summons was issued to the Marshal of this District pursuant to Rule 4, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Thereafter an amended complaint was filed herein on March 3, 1939, Rule 15(a), and on March 8th, 1939, a copy of the summons, complaint, and amended complaint, were simultaneously served upon the defendant. The last day to answer was, therefore, March 28th, 1939.

The amended complaint set up two causes of action (1) infringement of the patents, and (2) the appropriation of the plaintiff's idea embodied in his patent application.

On March 21, 1939, the defendant, appearing specially, procured and served an order to show cause returnable March 28th, 1939, why the service of the summons *as to the second cause of action* should not be quashed "on the ground that while it is a purported cause of action wherein the jurisdiction of the federal court is obtained on the ground of diversity of citizenship, yet action is brought in the wrong district." The order to show cause could have been made returnable on the previous motion day, to-wit: March 24th, 1939. The order to show cause contained a provision that "all proceedings in this action shall be stayed until disposition has been made of the attached motion."

In electing to raise this defense by motion rather than by answer, Rule 12(b), defendant's counsel believed that his time to plead was extended as to both causes of action under the provisions of Rule 12(a) (1) which reads: "if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading may be served within 10 days after notice of the court's action."

When the defendant's motion to quash was called for argument on March 28, 1939, it was adjourned to April 4th, 1939. The defendant asserts that this adjournment was requested by the plaintiff, but at all events it was mutually consented to.

On the adjourned day the motion was withdrawn in open court without objection. Meanwhile, on April 3rd, 1939, defendant served notice of motion for a bill of particulars, Rule 12(e), and on April 10, 1939, plaintiff procured an order requiring the defendant to show cause why judgment should not be entered by default for failure to serve and file an answer to the amended complaint within the time required by law and for an assessment of damages.

Passing by the questions raised on the motion with respect to irregularities in procedure and without deciding whether the defendant was in default, I quote from Rule 6(b): "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion * * * or (2) upon motion permit the act te be done after the expiration of the specified period where the failure to act was the result of excusable neglect."

Rule 1 provides that these rules shall be construed "to secure the just, speedy, and inexpensive determination of every action."

The motion brought on by the plaintiffs order to show cause is denied, and the defendant's motion for a bill of particulars is granted as to items 1, 6, 7, 8, 9, 10 and 13, and in all other respects denied. Submit order to be settled on two days' notice.