### DEANE v. MICHIGAN PROCESSED FOODS, Inc., et al.

Civil Action No. 856.

District Court, W. D. Michigan, S. D.
Aug. 27, 1946.

Hilding & Baker and Edward H. Benson, all of Grand Rapids, Mich., for plaintiff Trustee.

McCobb, Heaney & Dunn and Robert J. Miller, all of Grand Rapids, Mich., for defendants.

STARR, District Judge.

Complaint in this cause was filed in the Montcalm county circuit court on April 26, 1946. On May 14th the defendants, except Commercial Discount Corporation, which had not been served, filed petition for removal to this court. On May 20th the circuit court entered order of removal.

The transcript of the record on removal was filed June 12th, and within 30 days thereafter, on July 12th, the defendants, except Commercial Discount Corporation, filed motions to dismiss the complaint. In response to these motions plaintiff claimed, among other things, that the motions should be denied because not filed within five days after the filing of the transcript of the record on removal, as required by Rule 81(c) of the Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, which provides in part:

"In a removed action in which the defendant has not answered, he shall answer or present the other defenses or objections available to him under these rules within the time allowed for answer by the law of the state or *within 5 days after the filing of the transcript of the record in the district court,* * * * whichever period is longer."

Defendants countered by filing a motion to extend to July 12, 1946, the time within which they could file their motions to dismiss. They contend that in filing these motions on July 12th they relied upon 28 U.S.C.A. § 72, Judicial Code, § 29, which provides in part:

"The said copy (certified copy of record) being entered within said thirty days as aforesaid in said district court of the United States, the parties so removing the said cause *shall, within thirty days thereafter,* plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said district court."

■■ There is an apparent conflict between the 5-day provision in Rule No. 81(c) and the 30-day provision in section 72. The court recognizes that the Rules of Civil Procedure for District Courts, insofar as they relate to practice and procedure, undoubtedly repealed pro tanto all inconsistent statutory provisions. However, in view of the conflict between the statute and the rule, and in view of defendants' claim that they relied in good faith upon the statutory 30-day provision, it can hardly be said that they were guilty of inexcusable neglect.

■■ Rule 1 of the Rules of Civil Procedure provides that such rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." This clearly indicates that the framers of these rules intended them to be liberally interpreted, to the end that every action should be speedily determined on its merits. To deny defendants' motion for an extension of time would result in denying them a hearing on the merits of their motions to dismiss. At a hearing on those motions the principal question would be whether or not the complaint properly alleged material facts which, if admitted to be true, established plaintiff's right to relief. Defendants

510

are entitled to have that issue determined unless they have been guilty of inexcusable neglect.

There is no showing that plaintiff will be materially prejudiced by the granting of defendants' motion for an extension to July 12th of the time within which they could file their motions to dismiss. Rule 6(b) provides in part:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may * * * upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect."

The court concludes that defendants' failure to file their motions to dismiss within the 5-day period provided by Rule 81(c) was the result of excusable neglect. In the exercise of its discretion, under Rule 6(b), the court extends the time to July 12, 1946, within which defendants' motions to dismiss could be filed.

See Schram v. O'Connor, D.C., 2 F.R.D. 192; Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 130 F.2d 185; Kohloff v. Ford Motor Co., D.C., 27 F.Supp. 803; Ciccarello v. Jos. Schlitz Brewing Co., 1 F.R.D. 491.

An order may be entered in accordance with this opinion.