## DE SANTA v. NEHI CORPORATION.
### No. 79, Docket 21110.

United States Court of Appeals
Second Circuit.

Dec. 3, 1948.

Bliss & Bouck, of Albany, N. Y. (Warner M. Bouck and Robert H. Ecker, both of Albany, N. Y., of counsel), for appellant.

Whalen, McNamee, Creble & Nichols, of Albany, N. Y. (Theodore Kiendl and William R. Meagher, both of New York City, Charles E. Nichols, of Albany, N. Y., and Cleveland C. Cory, of New York City, of counsel), for appellee.

Before SWAN, CHASE and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal from an order of June 2, 1948, dismissing the complaint in a removed action upon the ground that the service of process was void because (1) the defendant, a foreign corporation, was not doing business in the state of New York, and (2) the person upon whom summons was served was not its "managing agent," as required by subdivision 3 of section 229 of the New York Civil Practice Act. The appeal also brings up for review an interlocutory order of February 16, 1948, which denied the plaintiff's motion for judgment by default based on the contention that the defendant's motion to dismiss was made after its time to answer had expired.

The timeliness of the motion to dismiss is the first question for consideration. The summons and complaint were served December 4, 1947; the removal order was entered December 22, 1947; the transcript of record was filed January 15, 1948; and the defendant's motion to vacate the service and dismiss the complaint was served February 4, 1948. Believing this motion to be too late and the defendant to be in default for failure to answer, the plaintiff moved for a default judgment; and the defendant countered with a motion to enlarge its time, if necessary. The motions came on before Judge Kampf on February 16th. Holding the February 4th motion timely, Judge Kampf denied the plaintiff's motion for a default judgment, set over to the April term the hearing on the defendant's motion to dismiss, and took no action on its motion for an enlargement of time.

The Federal Rules of Civil Procedure apply to civil actions removed to the district courts from the state courts and "govern all procedure after removal." Rule 81(c), F.R.C.P., 28 U.S.C.A. This Rule, before the amendment effective March 19, 1948, further provided:

"In a removed action in which the defendant has not answered, he shall answer or present the other defenses or objections available to him under these rules within the time allowed for answer by the law of the state or within 5 days after the filing of the transcript of the record in the district court of the United States, whichever period is longer." ·

New York law allows a defendant 20 days after service of the complaint in which to answer. It is the plaintiff's contention that "the time allowed for answer by the law of the state" expired December 24, 1947 and, consequently, under Rule 81(c) the defendant had to answer or present its motion to dismiss by January 20, 1948, which was 5 days after the transcript of the record was filed. The defendant on the other hand argues that the federal Rules govern procedure only "after removal" and that a case is not removed until the transcript of record is filed; hence the 20 days allowed for answer by the law of the state started to run on January 15, did not expire until February 4th, and its motion on the latter date was timely. Judge Kampf took this view. We are not clear that it is correct. It seems most unlikely that the law of any state requires a defendant to answer in less than five days; but unless it does the alternative five day period provided by · the Rule would be quite superfluous, if the defendant's construction of the Rule were adopted. The recent amendment to Rule 81(c) and the explanatory note of the Advisory Committee concerning it also tend, in our opinion, to support the plaintiff's interpretation, namely, that "time allowed by the law of the state" means the date when the answer would have been due if there had been no removal. But decision of the point is not necessary to a disposition of the present case.

■■■ If it be assumed that the defendant's motion was late, its motion for an enlargement of time should have been granted. Deane v. Michigan Processed Foods, D.C.W.D.Mich., 5 F.R.D. 508. The correct construction of Rule 81(c) is sufficiently in doubt so that counsel's misapprehension of its meaning was an "excusable neglect" within Rule 6(b) relating to enlargement of time. Although Judge Kampf did not formally act on the motion for an enlargement of time, his ruling that the motion to dismiss was timely had the same practical effect as would an enlargement of the time. Rule 61 provides that the court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties. Although this is an admonition to the district courts, it should also be heeded by an appellate court. See University City, Mo., v. Home Fire & Marine Ins. Co., 8 Cir., 114 F.2d 288, 295; National Labor Relations Board v. Remington Rand, Inc., 2 Cir., 130 F.2d 919, 925. The harmless error statute, 28 U.S.C.A. § 391, gives a similar admonition to appellate courts. If it was an error for Judge Kampf to hold the motion timely rather than to grant an enlargement of time for making it, the error was a formal and harmless error and without effect upon the substantial rights of the parties. Consequently we pass to Judge Brennan's ruling on the merits of the motion to dismiss.

■ Nehi Corporation is a Delaware corporation having its principal place of business in Georgia, where it manufactures concentrates to be used by purchasers to produce carbonated drinks. Its concentrates are sold to independent bottling plants located in the various states and these plants, using a formula furnished by Nehi Corporation, manufacture· and bottle the soft drinks and sell them to retail stores. Nehi Corporation does business with several such independent bottling plants located in six cities in the state of New York. Orders for concentrates are sent by the bottling concerns to Nehi's place of business in Georgia where they are either accepted or rejected. Shipment of the goods is made from there and payment therefor is received there. Nehi has no office and no sales agents within the state of New York. It has a representative,

Mr. Hughes, upon whom the summons and complaint were served, who visits the bottling plants at sporadic intervals. His territory includes all of New England as well as the state of New York. His duties are to inspect the bottling plants from the standpoint of sanitation, to obtain samples of their products and to forward such samples to Nehi in Georgia for analysis. He also makes suggestions as to advertising and business practices designed to aid the bottling plants in increasing their business, but such suggestions are not mandatory instructions. It is unnecessary, we think, to recite more of the facts as found by the court. We agree with its conclusion that the defendant does not transact business in the state of New York in a manner to subject it to suit here,[1] and that Mr. Hughes was not the "managing agent" of the defendant.[2]

Order affirmed.

---

[1] See Holzer v. Dodge Bros., 233 N.Y. 216, 135 N.E. 268, which was cited with apparent approval in Chaplin v. Selznick, 293 N.Y. 529, 534, 58 N.E.2d 719.

[2] See Taylor v. Granite State Provident Association, 136 N.Y. 343, 346, 32 N.E. 992, 32 Am.St.Rep. 749; Yeckes-Eichenbaum, Inc., v. McCarthy, 290 N.Y. 437, 444, 49 N.E.2d 517.