Rose Vassallo et al., Respondents, v. Irwin Slomin, Defendant, and Nicro Steel Products, Inc., Appellant. Irwin Slomin, Defendant and Third-Party Plaintiff, v. Times Appliance Company, Inc., Third-Party Defendant. Times Appliance Company, Inc., Fourth-Party Plaintiff-Respondent, v. Nicro Steel Products, Inc., Fourth-Party Defendant-Appellant.— In an action laid in negligence, order denying appellant's motion to vacate and set aside the summons and complaint served on a local sales representative of a foreign corporation, and order denying appellant's motion to vacate and set aside the fourth-party summons and complaint, similarly served, reversed on the law and the facts, with one bill of $10 costs and disbursements, and the motions granted, without costs. The appellant is a foreign corporation which appointed a local corporation as its exclusive sales representative in the metropolitan territory. The local agent solicited orders which were forwarded to appellant in Illinois. Appellant filled such orders and made commission payments to the local agent. The local agent placed appellant's corporate name on the door of the agent's office, with the names of other manufacturers represented by the agent, and inserted appellant's name in the telephone directory. Service of the summons and complaint and the fourth-party summons and complaint was made upon the president of the local agent corporation. On the evidence adduced by affidavits and at a hearing before an Official Referee, it does not appear that the foreign corporation was doing business within the State of the nature and to the extent that it was present here and amenable to process. (Pennrich & Co., v. Juniata Hosiery Mills, 247 N. Y. 592.) Carswell, Acting P. J., Johnston, Adel and MacCrate, JJ., concur; Wenzel, J., not voting.

Peter Zaprylук, Respondent, v. Phillippine Milau, Individually and as Administratrix of the Estate of Rudolph Milau, Deceased, Appellant.— In an action to vacate a judgment, defendant appeals from an order denying her motion, made as administratrix, to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action under rule 106 of the Rules of Civil Practice, and on the further ground that the cause of action set forth in the complaint did not accrue within the time limited by law for the commencement of an action thereon under rule 107 of said rules, and to strike out certain paragraphs of the complaint as sham and frivolous under rule 103 of the said rules. Order modified by striking from the ordering paragraph the words " denied in all respects." and by substituting therefor the words " granted to the extent of dismissing the complaint under rule 106 of the Rules of Civil Practice, and in all other respects the motion is denied." As so modified, the order is affirmed, with $10 costs and disbursements to appellant. It does not appear that the plaintiff was blind, illiterate, or otherwise handicapped at the time he signed the confession of judgment. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.