**ALBRITTON et al. v. GENERAL FACTORS CORP.**

No. 13964.

United States Court of Appeals Fifth Circuit.

Jan. 14, 1953.

T. C. Hannah, Hattiesburg, Miss., for appellant.

Lewis Schimberg, Chicago, Ill., S. E. Morse, Gulfport, Miss., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES, and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

While the specific relief sought in each of the three suits, one filed by Albritton and two by Hayes, was different, the relief sought in each was based on allegations of usury in a loan made to Albritton, and the single question for determination on this appeal, whether it was error to dismiss the action for want of jurisdiction, is common to all. It was, therefore, agreed that the three appeals should be consolidated and submitted on the record made in the Al-

britton case, one opinion and one judgment to suffice for all.

The question comes up in this way. Plaintiffs, alleging that the defendant is a corporation organized under the law of Delaware and having its principal place of business in Chicago, Illinois, further alleged that service of process may be had upon it by service upon the Secretary of State of Mississippi, in the manner provided by Section 1437,[1] Mississippi Code 1942. Process was accordingly so served, and the defendant, specially appearing, filed objection to the jurisdiction of the court and moved to dismiss on these grounds: that it had not qualified to do business in Missisippi by filing its charter; that it had not subjected

itself to the local jurisdiction of the Mississippi courts and had no offices or agents present in the state; that it was at no time doing business in the state within the meaning of the statute; and that the attempted service of process was void.

Plaintiff, joining issue on the motion to dismiss, and evidence on it being fully heard, the district judge filed findings of fact[2] and conclusions of law,[3] citing many Mississippi cases in support, and, on the basis thereof, entered judgment dismissing the action.

Appellants, placing their main reliance on Davis-Wood Lumber Co. v. Ladner, 210 Miss. 863, 50 So.2d 615, a later decision than

---

1. As pertinent here, this statute provides:
   "§ 1437. Venue—actions for damages against non-residents—process.—All civil actions for the recovery of damages brought against a non-resident of the state of Mississippi may be commenced in the county in which the action accrued. Service of process may be had in any county of the state where the defendant, or any of them, may be found.
   "Any non-resident, person, firm, partnership, general or limited, or any corporation not qualified under the constitution and laws of this state as to doing business herein, who shall do any business or perform any character of work or service in this state, shall, by the doing of such business or the performing of such work or services, be deemed to have appointed the secretary of state, or his successor, or successors in office, to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action, accrued or accruing from the doing of such business or the performing of such work or service, or as an incident thereto by any such non-resident, or his, their or its agent, servant or employee. The doing of such business or the engaging in any such work or service in this state shall be deemed a signification of such non-resident's agreement, and equivalent to an appointment by, such non-resident of the secretary of state of the state of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident upon whom may be served all lawful process in any action or proceeding against any such non-resident for any cause of action which has accrued or may accrue in this state."

2. "1. The defendant is a corporation organized under the laws of the State of Delaware, with its principal office at 184 West Lake Street, Chicago, 1, Illinois. It did not qualify to do business in the State of Mississippi by filing its charter with the Secretary of State, or appointing agent for service of process in Mississippi.
   "2. The loan made by defendant to the bankrupts is an Illinois contract, and while the evidence shows that defendant sent some of its agents to the State of Mississippi to check the collateral and audit the bankrupt's books, the loan was actually closed in defendant's office in the City of Chicago, Illinois and disbursements were made therefrom.
   "3. The affidavits submitted on behalf of plaintiff are not sufficient to establish that defendant was doing business in the State of Mississippi, so as to subject itself to process under Section 1437, Mississippi Code of 1942.
   "4. The depositions of Walter F. Hudson and S. S. Berman are conclusive to the Court that the loan made by defendant to bankrupts was interstate in character and was not sufficient as a transaction to subject defendant to service of process in the manner attempted herein."

3. "1. The business of defendant as shown by the evidence in this case is not of sufficient nature and character as to warrant the inference that the corporation has subjected itself to the jurisdiction of the Courts in the State of Mississippi, and was not at any time by its duly authorized officers or agents present within the State where the service of process was attempted."

140

any cited by the district judge in support of his view, insist that this decision is a restatement of Mississippi law in the light of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 and other later decisions of the Supreme Court of the United States, which, superseding the earlier decisions, gives wider meaning and effect to the invoked statute and brings within its compass the facts of this case.

Appellee, meeting this contention head on, urges, with confidence, that whatever the over all effect of the Davis case in the direction of enlarging the effective scope of the statute may be said to be, its facts are completely different from those proven and found in this case. With even greater confidence it presses upon us further that the statement in the Davis case of the principles governing the application of the statute definitely exclude its application here.

We agree with appellee that this is so. The findings of the district judge fairly reflect the evidence. Indeed, except as to the place where the final approval of the loan was made, there is no substantial conflict in it, and on that point, as he had a right to do, he accepted as true the tesimony of Hudson and Berman that the place was Illinois.

Upon the facts found by him, there was no basis for any judgment except one dismissing for want of jurisdiction.

The judgment was right. It is affirmed.