**ROBBINS**

v.

**BENJAMIN AIR RIFLE CO.**

No. 14504.

United States Court of Appeals, Fifth Circuit.

Jan. 6, 1954.

Jesse E. Martin, Elvin E. Tackett, Ft. Worth, Tex., Martin & Moore, Fort Worth, Tex., for appellant.

Royal H. Brin, Jr., Dallas, Tex. (Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., of counsel), for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is from a judgment sustaining defendant's motion to quash, as insufficient, service of citation upon one H. V. Greer, manufacturer's representative of defendant, a Missouri corporation, in Texas and seven other states, and to dismiss the action for want of jurisdiction of the defendant.

It presents for decision the single question whether, under the undisputed facts,[1] the defendant is to be regarded as doing business and, therefore, pres-

1. As material here, on this appeal from the action of the District Judge in sustaining the motion, these are:

Defendant's motion to quash service and to dismiss for want of jurisdiction was supported by affidavits of H. V. Greer, the man upon whom service was had, and of A. P. Spack, Jr., Vice-President of defendant.

Benjamin Air Rifle Co. is a Missouri Corporation, with its office and manufacturing plant in St. Louis, Mo. It has no office or place of business anywhere in the State of Texas; it has never maintained any address, bank account or stock of goods in Texas; it has no employees within the State of Texas.

The only person in Texas with any connection with the Defendant Company is H. V. Greer who has a contract under which he, as an independent contractor, receives a commission upon sales made through him to jobbers in some eight states, one of which is Texas. As shown by the contract, the affidavits and the depositions, his routes, methods and time are all entirely within his own control; he travels in his own automobile, paying his own travelling expenses and maintaining his own insurance; he is not even supplied with samples by the company but must purchase them himself; he has never been authorized to accept service of process, and does no advertising for the company and no repair work for it, and he does not carry equipment, replacement parts, or tools for servicing defective or damaged Benjamin air rifles; he does not help the jobbers make their sales to retailers, nor do any missionary work with retailers to benefit jobbers; he does not even have order blanks furnished by the defendant but such orders as he takes are written out on the jobbers' own blanks and sent to St. Louis and do not become effective or binding until they are approved at St. Louis; the goods ordered are then shipped directly from St. Louis to the jobber in Texas.

Greer was manufacturer's agent in Texas for ten other companies, and he represented all of these companies on the same basis as he represented Benjamin Air Rifle Company. Many of his calls were on marine supply jobbers and boat dealers to whom he would show only the products of the other Companies and not Benjamin Air Rifles since they do not deal in air rifles. He was on a straight commission basis with each company.

The rifle in question as to which complaint is made in the suit was not purchased in Texas but from a retail sporting goods store in St. Paul, Minn. Greer had nothing to do with its purchase nor the handling of the complaint with reference to it, and the cause of action asserted in it did not grow out of and had nothing to do with the activities of Greer or the defendant in Texas.

ent in Texas so as to be subject to service and suit therein.

As appellant states the question, it is, is the defendant present in the State of Texas for jurisdictional purposes.

As appellee states it, it is, was the defendant doing business within the State of Texas so as to subject it to suit there.

Appellant, pointing to increases in defendant's sales[2] to jobbers and wholesalers in the State of Texas since defendant entered into contract, in January, 1950, with Greer as manufacturer's representative, seems to think that this increase of business establishes that the defendant is jurisdictionally present in the state.

In addition, it urges upon us that the terms of the contract and the evidence as to what was done under it makes yet more clear that this is so.

Invoking, as fully supporting his claim, the Texas cases of Gray Co. v. Ward, Tex.Civ.App., 145 S.W.2d 650, a service of process case, and Ramsey v. Investors Diversified Services, Tex.Civ.App., 248 S.W.2d 263, a tax case, and the federal cases of Vilter Mfg. Co. v. Rolaff, 8 Cir., 110 F.2d 491; International Harvester Co. v. Commonwealth of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479; Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, and International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, appellant insists that in dismissing his suit, the district judge closed his eyes to the plain truth that the cases cited by him required a different ruling.

Appellee, on its part, points with equal, if not greater, confidence to the facts showing that Greer besides representing the defendant as manufacturer's representative in Texas and other states, was also manufacturer's representative in Texas for ten other manufacturers, that he had always acted as such for defendant, and the other companies, and never as defendant's agent in Texas in the sense of giving defendant a local habitation and a name there. So pointing, it cites and invokes in support of its position, that the district judge correctly dismissed the action, the great number of Texas cases[3] and others,[4] discussing what constitutes doing business in a state, and holding without varying or departure therefrom, that a nonresident corporation which contracts with a manufacturer's agent for representation in the state, and, thereafter without more, sells goods to jobbers and wholesalers as a result of the soliciting activities of the representative does not thereby do business in the state so as to be present and subject to suit therein.

Appellant points to the complete absence from this case of evidence of the doing by Greer or by the defendant in Texas of acts of a local nature, such as were shown to have occurred in Ward's case and as were relied on by the court in that case to take it out of the general rule which that court recognized and followed. So pointing, it urges upon us that to hold upon the facts of record

---

2. "1947—$16,287.25; 1948—$17,120.44; 1949—$42,031.42; 1950—$75,280.80; 1951 —$47,753.46; up to Nov. 1, 1952—$36,- 117.65.

3. Caddell v. J. R. Watkins Medical Co., Tex.Civ.App., 227 S.W. 226; Louisiana Western R. Co. v. Conques, Tex.Com. App., 10 S.W.2d 975; Louisville & N. R. v. Missouri K. & T. R. Co., 40 Tex.Civ. App. 296, 88 S.W. 413; North v. Mergenthaler Linotype Co., Tex.Civ.App., 77 S.W.2d 580; F. L. Shaw Co. v. Dalton Adding Machine Co., Tex.Civ.App., 211 S.W. 833; Stoke v. Peter Fox Brewing Co., D.C., 22 F.Supp. 892; John A. Dick-

son Pub. Co. v. Bryan, Tex.Com.App., 5 S.W.2d 980, 60 A.L.R. 983.

4. Carnegie v. Art Metal Construction Co., 191 Va. 136, 60 S.E.2d 17; Hoffman v. D. Landreth Seed Co., 220 N.C. 193, 66 S.E.2d 813; Lutz v. Foster & Kester Co., 367 Pa. 125, 79 A.2d 222; Partin v. Michaels Art Bronze Co., 3 Cir., 202 F. 2d 541; Pellegrini v. Roux Distributing Co., 170 Pa.Super. 68, 84 A.2d 222; Savell v. Schultz, Baujan & Co., 213 Miss. 427, 57 So.2d 151; Vassallo v. Slomin, 278 App.Div. 949, 105 N.Y.S.2d 60; Woodworkers Tool Works v. Byrne, 9 Cir., 191 F.2d 667.

here that the defendant was doing business in Texas and was, therefore, present here for suit and service would be an abandonment and repudiation of the established rule so often laid down and so uniformly adhered to.

Denying that the International Shoe Co. case, on which appellant so greatly relies, marks any departure, in cases presenting facts like those in this case, from the federal rule long prevailing and still adhered to, and urging upon us that in fact and in law the contrary is true, for which see Partin v. Michaels Art Bronze Co., 3 Cir., 202 F.2d 541 and Woodworkers Tool Works v. Byrne, 9 Cir., 191 F.2d 667, appellee insists that there has been no change in either the federal or state decisions, but that the rule is as it has always been, that each case stands upon its own facts, and that the International Shoe Co. case is just another application of the same rule laid down in the International Harvester case, that where assertions of state power are concerned, jurisdiction is more easily found, just as it is in respect of causes of action arising out of matters occurring in the state as a result of activities carried on there.[5]

Insisting that no Texas case supports the assertion of jurisdiction here, they urge upon us that, without inquiring into, or otherwise undertaking to determine whether the limiting effect on asserted state jurisdiction of constitutional limitations, as these are set down in the federal decisions, has or has not been relaxed, the judgment must be affirmed as in accordance with the law as the courts in Texas have laid it down.

We agree that this is so. What is in question here, is whether under the statutes of Texas, as construed by its courts, the service of a citation upon H. V. Greer as agent was sufficient and effective under the undisputed facts in this case to subject defendant, a nonresident of Texas, to the jurisdiction of the court out of which the citation issued.[6]

While the decisions, including those from Texas, are generally in agreement that there is "no precise test of the nature or extent of the business that must be done; all that is requisite is that enough be done to enable us to say that the corporation is here".[7] It has been considered settled in Texas and generally elsewhere that mere solicitation of orders in a state, followed by shipment of goods into the state, does not constitute the doing of business which subjects the corporation to the service of process therein.

Reference to and brief quotations from a note in 146 A.L.R., "Sec. 111, Under statute providing for service of process," will show that this is so. There the editor, stating at page 948:

"The proposition, stated in the earlier annotations, that the mere soliciting and obtaining of orders within a state by the agent of a foreign corporation, for goods to be shipped into the state to the purchasers, does not amount to doing business within the state, so as to render the corporation amenable to service of process therein, is supported by the following later cases: * * *"

followed this with citations from the federal and state courts including therein from Texas the case of Gray Co. v. Ward, Tex.Civ.App., 145 S.W.2d 650, 653,[8] on which appellant mainly relies.

---

5. C/o Perkins v. Benguet, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485; Albritton v. General Factors, 5 Cir., 201 F.2d 138; Mississippi Wood Preserving Co. v. Rothchild, 5 Cir., 201 F.2d 233.

6. Cf. Polizzi v. Cowles, 5 Cir., 197 F.2d 74; Id., 345 U.S. 663, 73 S.Ct. 900.

7. Gray v. Ward, Tex.Civ.App., 145 S.W.2d 650.

8. In the Ward case, the court, after stating:

"The general rule is: 'A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the state, the

Among the local acts, none of which are present in this case, the court in the Gray case pointed out that Sampson serviced the equipment,[9] made inspections, adjustments, and repairs, and recommendations, as to the replacement of parts, to the intervenor company. In fact Sampson had been schooled by the intervenor company for the purpose of familiarizing himself with the equipment, that he might be better able to eliminate and overcome complaints and troubles.

Further, the opinion pointed out that since 1930 the company had been maintaining service of the equipment it sold in Texas, that Sampson carried with him equipment, replacement parts, and tools for the purpose of servicing defective equipment formerly owned by the company and sold by it to Garvis; that he did take the matter of servicing the defective equipment up with the Gray Co., and it did send Sampson to service it; that Sampson made adjustments of accounts of merchandise sold; that Gray Co. had on two different occasions maintained exhibits in the State of Texas, during the first part of the year 1939, at which time an executive officer of the company was present; that it had a great amount of its merchandise and equipment on exhibit; and that said company was soliciting business and taking orders with the jobbers handling its merchandise.

Upon the basis of these highly significant facts, the Court of Civil Appeals correctly held that the Gray Company was doing business in Texas and that Ward was its agent for service.

It has also been held that keeping the accounts of the customers, making collections and adjusting complaints for damaged goods under the direction of the company are local acts, and it has been uniformly held that, while soliciting orders for machinery to be shipped into the state, is not doing business there, supervision of installation and servicing which employ local help when necessary are local acts. In short, every case which has passed upon the question, including the International Shoe Co. case and the Gray case, on which appellant relies, has declared that something more than the mere solicitation of orders for goods to be shipped into a state is necessary in order to make a foreign corporation amenable to service of process in the state and "It is this extra quantum of activity which constitutes doing business so as to render it so amenable."

■ Considering the facts of this case, in the light of these principles as laid down and applied in the authorities, including particularly Gray v. Ward, we think it perfectly clear that on the record in this case Greer was nothing more than a manufacturer's representative and a solicitor of orders and that he did none of the things of a local nature

process will be valid only if served upon some authorized agent.' Philadelphia & R. R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann. Cas.1918C, 537."
later went on to say:
"We think the evidence discloses that Gray Company, Inc., had been conducting a continuous course of business in the solicitation of orders for the machinery and equipment that it was manufacturing and selling to the wholesalers in Texas (as contra-distinguished from sporadic sales), and that under the plan of their sales organization it was carrying on an

established course of business in Texas, *doing acts local in nature that made it amenable to the jurisdiction of the courts of Texas, * * *.*" (Emphasis supplied.)

9. In 146 A.L.R. at page 951, it is said:
"Undertaking to service or keep in repair articles sold by a foreign corporation through its soliciting agent in a state has been repeatedly considered to make the corporation amenable to state jurisdiction for purposes of service of process."
citing, among other cases, Gray v. Ward, supra.

which are required, and have been held, to be sufficient to bring a foreign corporation into the state for service.

It remains only to say a word or so with regard to the further weight and significance which should be accorded to the fact that this controversy did not arise out of business done in the state.. Of this, it is sufficient to say that of course a corporation actually domiciled or clearly doing business in a state, is liable to be sued in a transitory action, having no connection with business done there.[10] If, however, it is not so domiciled or so clearly established there, the fact that the suit is concerned with matters arising out of acts of the company or its representative in the state, has sometimes been given weight both in legislative acts and in court decisions sufficient to tip the scale in favor of finding that the defendant was present in the state for service. This is the philosophy back of the many statutes, providing for designating in the office of the Secretary of State a person upon whom service can be had, such as the Texas Statute, § 2031a, Vernon's Ann.Civ.St.

Cases dealing with this phase of the question which may be cited are: Albritton v. General Factors, 5 Cir., 201 F.2d 138; Mississippi Wood Preserving Co. v. Rothchild, 5 Cir., 201 F.2d 233; Partin v. Michaels Art Bronze Co., 3 Cir., 202 F.2d 541; Woodworkers Tool Works v. Byrne, 9 Cir., 191 F.2d 667; International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; the later Supreme Court case from Virginia; Travelers Health Ass'n v. Commonwealth of Virginia, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154; and the many cases under statutes authorizing service on the Secretary of State in the case of automobile accidents occurring in the state.

The judgment was right. It is affirmed.

10. Carpenter Paper Co. v. Calcasieu Paper Co., 5 Cir., 164 F.2d 653.