**Zeno PUCCI, Plaintiff,**

v.

**BLATZ BREWING COMPANY,**
**Defendant.**

**No. 9361.**

United States District Court,
W. D. Missouri, W. D.

Jan. 17, 1955.

Thomas A. Sweeney (of Hogsett, Houts & James), Kansas City, Mo., for plaintiff.

Douglas Stripp (of Watson, Ess, Marshall & Enggas), Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

This is an action for damages for alleged failure to release a paid deed of trust, on Missouri real estate, as required by Section 443.130, V.A.M.S.

The defendant is a corporation, existing under the laws of the state of Wisconsin. For a long time prior to August 22, 1950, it was licensed to do, and did, business in Missouri, but, on that date, it applied for, and received, a certificate of withdrawal of its license and right to do business in Missouri, which certificate was promptly recorded, as required by law. It contends that it has not since done any local business in Missouri.

This suit was instituted in the Circuit Court of Jackson County, Missouri, on September 1, 1954, and, on that date, summons was issued to the sheriff, who made the following return of service thereon:

"I hereby certify that I have executed the within writ in the County of Jackson, State of Missouri, on the 2nd day of September, 1954, by delivering a copy of this writ, together with a copy of the petition as furnished by the Clerk, to Rocco Bunimo as Vice-President of the within named defendant corporation, Blatz Brewing Company."

Thereafter, defendant timely removed the cause to this court, upon the ground of diversity and requisite jurisdictional amount, and then filed herein its motion, under Rule 12(b), Fed.Rules Civ.Proc. 28 U.S.C.A., to dismiss the action, or, in lieu thereof, to quash the return of service of summons, upon the ground that it is a Wisconsin corporation, not authorized to do, or doing, any local business in Missouri, and, therefore, jurisdiction over its person was not acquired by the service of process upon its vice-president, Rocco Bunimo, who, when served, was only temporarily in Missouri, as a guest in a Kansas City hotel.

In support of the motion, defendant has filed an affidavit of its assistant secretary, and a verified copy of an existing contract with the Kansas City, Missouri,

independent dealer in "Blatz Beer" (McKissick), covering the matter of his purchases, from defendant, and his resale to his retailer customers, of that product. Plaintiff, in opposition to the motion, relies, factually, upon defendant's answers to certain interrogatories propounded by plaintiff, and upon certain portions of the deposition of the dealer, McKissick.

The relevant process statute is Section 506.150(3), V.A.M.S., and which, so far as pertinent, is very brief, and says: "The summons and petition shall be served together. Service shall be made as follows: * * * (3) Upon a * * * foreign corporation * * * by delivering a copy of the summons and of the petition to an officer, * * * a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof * * *."

As stated, the service here was not by leaving copies of the process at any business office of defendant with the person in charge thereof—for defendant has no business office in Missouri—, but, rather, was by delivering copies of the process to one of defendant's vice-presidents, at his hotel, while he was temporarily in Missouri. Hence, the validity of the service depends upon whether defendant was, at the time, "doing business" in Missouri, or was having such "continuous and systematic contacts" with, or within, that state as to make it amenable to suit, in an action in personam, therein upon such process and service.

From the material before me I find that since its withdrawal from Missouri, on August 22, 1950, defendant has not maintained any office, officer, or place of business, in Missouri, nor has it had therein any warehouse or stock of merchandise, nor has it had or maintained in Missouri any "agent", or salesman with authority to accept orders, though it, through one of its officers, has made a few independent dealership contracts in Missouri—like the independent contract with McKissick referred to—and it has, at times, had in Missouri one or two employees whose sole duties "have consisted of efforts to encourage and develop a demand and market for Blatz products", and it has continued to sell its products, of canned, bottled, and kegged, beer, f. o. b. Milwaukee, Wisconsin, to independent dealers in Missouri, including McKissick at Kansas City, who are entrepreneurs and wholly independent of defendant, and that defendant has permitted dealer McKissick to place upon his delivery trucks the legend "Blatz Beer", and it appears to have given, at times, an advertising allowance to dealer McKissick, in respect to his advertising of "Blatz Beer", and, it appears, too, that McKissick, on his own responsibility, has maintained a listing and some advertising in the Kansas City telephone directory under the name "Blatz Beer". It appears, also, that the business of Mr. McKissick and of other "Blatz Beer" dealers, in Missouri, has been substantial, resulting in the sale by defendant to them, f. o. b. Milwaukee, Wisconsin, of rather large quantities of Blatz Beer, which those dealers, in turn, have sold to their customers in Missouri. This is the substance of defendant's activities in, and contacts with, or within, the state of Missouri, since its withdrawal therefrom in August, 1950.

Does this activity constitute "doing business" in Missouri? Or, otherwise stated, does this amount to such "continuous and systematic" activity in, or contact with, or within, the state of Missouri as to make defendant amenable to process, in a personam action, such as this, by serving one of its officers while temporarily in Missouri?

Absent assertion by the state of Missouri of process powers contravening the Constitution of the United States, the question is, essentially, one of local, or, here, Missouri, law, Doyle v. Southern Pacific Co., D.C.E.D.Mo., 87 F.Supp. 974.

I believe the Missouri case of State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge, 331 Mo. 1015, 56 S.W.2d 28, 85 A.L.R. 1378, and also the case of Doyle v. Southern Pacific Co., supra (by a Mis-

souri Federal District Court), answer this question in the negative.

Plaintiff relies heavily upon the case of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, but Judge Hulen's opinion, in Doyle v. Southern Pacific Co., supra, demonstrates the inapplicability of that case to a situation like this—and points out that Missouri does not assert the full constitutional breadth of process power, as did the state of Washington in that case.

 Moreover, I regard the International Shoe case as holding, on facts like we have here, that defendant is not amenable to the challenge process. Note that it says, 326 U.S. at page 317, 66 S.Ct. at page 159, "Conversely it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there." Since its "withdrawal" from Missouri, in August, 1950, any "presence" of defendant in Missouri —if it could be said to have been present in Missouri at all—has, at most, been "casual" and its "activities", in Missouri, if any, have, indeed, been "single or isolated", and the real estate mortgage loan, made by defendant to plaintiff (not an act of local business in itself), out of which this action arises, was made in 1944—six years before defendant "withdrew" from Missouri, in 1950—and was "unconnected with any activities" conducted by defendant in Missouri since its withdrawal in 1950. The business activities in Blatz Beer that have been conducted in Missouri since August, 1950 —and which plaintiff associates with and attributes to defendant—have, in fact, been by independent dealers such as Mr. McKissick.

Another case which, to my mind, is almost exactly in point on the facts, is the case of DeSanta v. Nehi Corporation, 2 Cir., 171 F.2d 696, and it succinctly and clearly holds that activities of the type we have here are not enough to subject a foreign corporation to personal jurisdiction upon service of the type in question.

I, therefore, believe that defendant's motion is well taken, but I will not dismiss the cause, rather, I will sustain only that part of the motion that asks that the return of service of process be quashed, for the reason that it may be possible for the plaintiff to otherwise obtain jurisdiction over defendant or its property in this action.