### Albert C. SIMONSON, Plaintiff,

v.

**INTERNATIONAL BANK, also known as International Bank of Washington, Allied Transportation Corporation and Lake International Corporation, Defendants.**

United States District Court
S. D. New York.
June 9, 1960.

Becker & Martin, New York City (appearing specially and solely for the purposes of this motion) (Emanuel Becker, New York City, of counsel), for defendant International Bank.

Wasserman & Shagan, New York City (Barry Golomb, New York City, of counsel), for plaintiff.

MacMAHON, District Judge.

Defendant International Bank makes this motion, pursuant to Rule 12(b) (2) and (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order vacating service of the summons and complaint and dismissing the action on the ground that it is a foreign corporation organized under the laws of the state of Arizona and is not subject to process in this district because it is not doing business in New York.

A cross-motion by the plaintiff to take depositions to establish that defendant is amenable to process in New York was granted, and the defendant's motion was held in abeyance pending completion of the depositions.

Plaintiff has now completed the depositions of two officers and directors of defendant and has established that defendant owns seventeen per cent of the stock of Financial General Corporation, which does business in New York, and that seven out of ten directors of Financial Gen-

eral Corporation are also members of defendant's board.

It also appears that Financial General Corporation, directly and through intermediate subsidiaries, owns from ten to one-hundred per cent of the stock of a number of corporations doing business in New York, and that such subsidiary and affiliate corporations have a number of officers and directors who are also either officers or directors of Financial General Corporation and the defendant.

The depositions failed to disclose that the defendant itself either maintained an office in New York or was in some other manner "doing business" within the state.

The plaintiff, relying on Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, contends that the law of New York governs the question of whether this court has jurisdiction in a diversity case, and in support of his contention cites three decisions of the Supreme Court of the State of New York to the effect that a parent corporation which operates in New York through a subsidiary is itself subject to New York jurisdiction.

The courts in some circuits apparently have adopted the view that the question of whether a federal court has jurisdiction over a foreign corporate defendant is governed by state law. See Albritton v. General Factors Corp., 5 Cir., 1953, 201 F.2d 138; Pulson v. American Rolling Mill Co., 1 Cir., 1948, 170 F.2d 193.

■ The view in this circuit, however, is that the question must be determined in accordance with the statutes of the United States and the decisions of the courts of the United States. Sawyer v. Soaring Society of America, Inc., D.C.S.D.N.Y.1960, 180 F.Supp. 209; Satterfield v. Lehigh Valley Railroad Co., D.C.S.D.N.Y.1955, 128 F.Supp. 669. See MacInnes v. Fontainebleau Hotel Corp.,

2 Cir., 1958, 257 F.2d 832. See also Nash-Ringel, Inc. v. Amana Refrigeration, Inc., D.C.S.D.N.Y.1959, 172 F.Supp. 524, in which Judge Cashin canvassed the decisions of this and other circuits and arrived at the same conclusion.

■ The facts in this case do not present a novel question. The Supreme Court, when faced with a similar situation in Cannon Mfg. Co. v. Cudahy Co., 1925, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634, held that a Maine corporation which employed a wholly owned subsidiary to conduct its business in North Carolina was not itself "doing business" within the state so as to render it amenable to process in a federal court sitting in North Carolina. Mr. Justice Brandeis stated:

"The defendant wanted to have business transactions with persons resident in North Carolina, but for reasons satisfactory to itself did not choose to enter the state in its corporate capacity. It might have conducted such business through an independent agency without subjecting itself to the jurisdiction. * * It preferred to employ a subsidiary corporation. Congress has not provided that a corporation of one state shall be amenable to suit in the federal court for another state in which the plaintiff resides, whenever it employs a subsidiary corporation as the instrumentality for doing business therein." 267 U.S. at page 336, 45 S.Ct. at page 251.

The Second Circuit has generally followed the Cannon rule. Echeverry v. Kellogg Switchboard & Supply Co., 2 Cir., 1949, 175 F.2d 900; United States v. Buffalo Weaving & Belting Co., D.C. S.D.N.Y.1956, 155 F.Supp. 454, 456.*

The corporate separation in the instant case certainly is as real as in the

---

* But see Waldron v. British Petroleum Co., D.C.S.D.N.Y.1957, 149 F.Supp. 830, where Judge Dawson, in a private antitrust action, held that a California corporation with two wholly owned sub-sidiaries doing business in New York was, because of the liberal venue provisions of the Clayton Act, 15 U.S.C.A. § 12 et seq., itself found within this district.

Echeverry case where the New York subsidiary was wholly owned by the defendant. Neither can it be seriously contended that the defendant was in this case endeavoring to hide behind Financial General Corporation or any of that company's subsidiaries, nor that the defendant was using those corporations as a subterfuge for its own business operations in New York. See United States v. Buffalo Weaving & Belting Co., supra.

Although there is a clearly discernible trend "toward expanding the permissible scope of state jurisdiction over foreign corporations and other non-residents." McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 222, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, the rationale of the Cannon decision appears to retain its validity, at least as applied to the facts of this case. See Manville Boiler Co. v. Columbia Boiler Co. of Pottstown, 4 Cir., 1959, 269 F.2d 600, 606.

The considerations expressed by Judge Moore in MacInnes v. Fontainebleau Hotel Corp., supra, 257 F.2d at page 833, may well be applied to the Cannon decision as it is applicable to this case:

> "The question of what constitutes 'doing business' has been presented to the courts many times over the years. * * * Yet from the many opinions there can be gleaned a few principles which commend themselves for practical use. If they be sound they should be followed because here is a field in which as much certainty and predictability as possible is to be desired. Many a business will open, or refrain from opening, an office in another state or expand or contract its activities there depending upon the opinion of counsel based upon court decisions as to whether the contemplated activity crosses the nebulous 'doing business' borderline."

Defendant's motion for an order vacating service and dismissing the complaint is granted. So ordered.