■ VANTAGE STEAMSHIP CORP., Respondent, v. RACHEL V. STEAMSHIP CORP., Respondent, and ALABAMA DRYDOCK AND SHIPBUILDING COMPANY, Appellant.— Order entered March 27, 1968, granting order confirming report of Referee, and denying motion to set aside the service of summons and to dismiss action against defendant Alabama, and further directing defendant Alabama to answer complaint and cross claim, affirmed, with $25 costs and disbursements to each respondent. The comprehensive activities of Alabama's representative in New York brought Alabama well within the compass of *Bryant* v. *Finnish Nat. Airline*, (15 N Y 2d 426). He was more than a solicitor; he was Alabama's vicar in this jurisdiction. Concur — Tilzer, McGivern, Rabin and McNally, JJ.; Steuer, J. P., dissents in the following memorandum: On this motion to set aside the service of the summons and dismiss the complaint for lack of jurisdiction, we are in accord as to the issue presented. The service on the foreign corporation can only be sustained if the corporation is brought within the provisions of CPLR 301, that is, was present within this State by virtue of doing business here. The facts are not in dispute, only the consequences to be drawn from them. Defendant maintains drydocks in Alabama for the servicing and repairing of ships. All work is done there and all contracts for work on ships are made there. Defendant has an employee named Royston whose title is "Sales Director". He solicits business all over the eastern seaboard of this country and Canada. The defendant maintains an office for him in this city which is his home base and in which he spends approximately half his working time. There is telephone and office listing and the company maintains a generally inactive bank aaccount here. Mr. Royston is a knowledgeable marine engineer well versed in the needs of prospective customers and from time to time he assists his customers in problems allied to procuring business, such as in insuring vessels while under repair, and the like. He commands a respectable salary and a generous drawing account. It is clear that to sustain the service the defendant must be deemed to be here

by virtue of the fact that a substantial part of its business is done here (*Yeckes-Eichenbaum,* v. *McCarthy,* 290 N. Y. 437; *Holzer* v. *Dodge Bros.,* 233 N. Y. 216, 221). Solicitation of orders has been specifically held in repeated decisions not to be deemed doing business here (*Miller* v. *Surf Props.,* 4 N Y 2d 475, and cases cited). The fact that the solicitation is done by a full time representative, with the attendant circumstances of telephone and office listing does not change this (*Vassallo* v. *Slomin,* 278 App. Div. 949). That the solicitor is an accomplished individual in the field and is well paid can certainly make no difference. It cannot be the law that a corporation which solicits through incompetents is not doing business while one that is ably represented is. It is not the return on the solicitation that determines the issue. Furthermore incidental activities do not convert solicitation into doing business (*Green* v. *Chicago, Burlington & Quincy Ry.,* 205 U. S. 530). It may not be amiss to call attention to the path along which the way to error has been directed. If this were a constitutional question — would it be due process for this State to make mere solicitation a ground for exercising jurisdiction over foreign corporations — the answer might well be different. All that is needed for due process are certain minimum contacts sufficient so that entertaining jurisdiction does not offend against traditional concepts of fair play (*International Shoe Co.* v. *Washington,* 326 U. S. 310). New York has, however, not gone that far, though it could (*Simonson* v. *International Bank,* 14 N Y 2d 281). Except for the provisions of CPLR 302, not applicable here, the Legislature has not seen fit to extend the range of jurisdiction, nor have the courts. A suggested reason is that if we do, our residents can well expect like treatment from the courts of other jurisdictions. The order should be reversed and the motion granted.